**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert T. OBERHOLTZER, aka Bob Oberholtzer, Defendant–Appellant.**

No. 05–50405.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Feb. 22, 2007.

Becky S. Walker, Esq., Darwin Thomas, Esq., Office of the U.S. Attorneys, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY **, Senior District Judge.

1. *See Hunter v. Ayers,* 336 F.3d 1007, 1011–12 (9th Cir.2003).

** The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

## MEMORANDUM *

That facts and procedure are known to the parties and only repeated here as necessary. First, Appellant argues that his convictions under 26 U.S.C. § 7206(2) for willfully aiding and assisting the preparation of false tax returns should be dismissed. Appellant argues that under *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), the government did not meet the standard for proving willful conduct because it is not enough for the government to merely prove that Appellant knew of some general legal duty not to lie on tax returns to sustain a conviction under 26 U.S.C. § 7206(2). Rather, Appellant argues, the government must prove that Appellant willfully violated a specific provision of the tax code, for example, a provision related to what charitable deductions are permissible.

*Cheek* stands for the proposition that Congress carved out an exception to the traditional rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution" in the realm of criminal tax laws. 498 U.S. at 199, 111 S.Ct. 604. The case at hand is not one of innocent mistake. Appellant's complete fabrication of itemized expenses and deductions places him outside Cheek's protections. Review of the record reveals that the government has carried its burden to sustain a conviction under 26 U.S.C. § 7206(2).

Second, Appellant maintains that the district court should have replaced a juror or ordered a mistrial because the jury foreperson was distracted by a female spectator during the trial. Under *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 98 L.Ed. 654 (1954), courts should apply a presumption of prejudice where there was "private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury." However, in order for the presumption to apply, the contact must have "interfered with the jury's deliberations by distracting one or more of the jurors." *U.S. v. Dutkel*, 192 F.3d 893, 897 (9th Cir.1999); *United States v. Henley*, 238 F.3d 1111, 1117 (9th Cir. 2001).

The type of distraction Appellant complains of does not rise to the level of jury tampering or juror misconduct *Remmer* and *Henley* require to set aside a jury verdict. The woman's actions, while perhaps annoying, were minimally disruptive. Her conduct did not directly threaten or attempt to intimidate individual jurors, nor did it relate to or concern a matter pending before the jury. The district court did not abuse its discretion when, after an examination of the situation and questioning of the jurors, it declined to replace the jury foreperson or grant a mistrial.

Third, Appellant urges us to find that the district court committed clear error when it failed to further reduce the fine Appellant was ordered to pay. The defendant has the burden of proving that he is unable to pay a fine. *See United States v. Brickey*, 289 F.3d 1144, 1152 (9th Cir. 2002); *United States v. Quan–Guerra*, 929 F.2d 1425, 1427 (9th Cir.1991). Appellant failed to explain how he could not pay the fine when he had more than $10,000 in assets in both his home equity and cash reserves at the time of sentencing. Appellant offered no evidence supporting his allegedly changed circumstances, nor did he supply income tax returns to the proba-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion officer to make an independent determination of the issue.

Finally, we defer consideration and resolution of the remaining issue—whether the district court gave proper weight to the Guidelines when sentencing Appellant—pending resolution of *United States v. Claiborne*, 439 F.3d 479 (8th Cir.2006), cert. granted, — U.S. —, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), and *United States v. Rita*, 177 Fed.Appx. 357 (4th Cir.2006), cert. granted, — U.S. —, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006).

Accordingly, we **AFFIRM** in part and **DEFER** in part. The issuance of the mandate shall be stayed pending *Claiborne* and *Rita*.