**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert T. OBERHOLTZER, aka Bob
Oberholtzer, Defendant—
Appellant.**

**No. 05–50405.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Aug. 21, 2008.

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Darwin Thomas, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY *, Senior District Judge.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

SUPPLEMENTAL MEMORANDUM **

That facts and procedure are known to the parties and we do not repeat them here. Robert Oberholtzer raised several challenges to his conviction and sentence. We previously ruled on all but one of these challenges. *See United States v. Oberholtzer,* 221 Fed.Appx. 542 (9th Cir.2007). We deferred ruling on Oberholtzer's sentencing challenge pending resolution of *Claiborne v. United States,* —— U.S. ——, 127 S.Ct. 2245, 167 L.Ed.2d 1080 (2007) (mem.), and *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). For the reasons set forth below, we now affirm.

This court will only set aside a sentence when it is procedurally erroneous or substantively unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). Oberholtzer argues that the district court erroneously treated the Guidelines as mandatory instead of advisory. *See Carty,* 520 F.3d at 993. We disagree. At the re-sentencing hearing, the district court initially stated: "Am I going to follow [the Guidelines], or are there circumstance that are so extraordinary as to require the mitigation of the offense?" Had this been all the court said, we would be forced to remand. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 595, 169 L.Ed.2d 445 (2007). However, defense counsel pointed out that the district court did not need to find "something extraordinary to sentence outside the guideline range," and the court agreed. The court responded: "I think you may well be right. I still have to find that the circumstances are sufficiently mitigating to cause me to change the sentence." Thus, "[t]o the extent the sentencing judge's ini-

tial characterization was inopportune, we cannot say that it was procedural error because the court corrected itself." *Carty,* 520 F.3d at 994. Here, "the judge treated the Guidelines range as a baseline, and moved from there to tailor a sentence to the individualized offense and offender characteristics of [the defendant's] case." *Id.*

Accordingly, we **AFFIRM** the district court's sentence.