# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2198

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Plaintiff - Appellant,　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Mario Claiborne,　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*
　　　Defendant - Appellee.　　　　　*

_____

Submitted:  December 13, 2005
Filed:  February 27, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

LOKEN, Chief Judge.

Mario Claiborne pleaded guilty to two counts of possessing and distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 844(a). The district court determined that Claiborne's advisory guidelines sentencing range is 37 to 46 months in prison and imposed a 15-month sentence. The government appeals the sentence as unreasonable under 18 U.S.C. § 3553(a). We agree and remand for resentencing.

In May 2003, Claiborne was arrested for attempting to sell 0.23 grams of cocaine base to an undercover police officer. Six months later, police approached Claiborne engaged in what appeared to be a drug deal. He fled through the house next

door, throwing down a plastic baggie containing 5.03 grams of cocaine base. Claiborne was charged with and pleaded guilty to distributing cocaine base during the first incident and possessing cocaine base during the second.

At sentencing, the district court granted Claiborne "safety valve" relief from the five year mandatory minimum sentence under 18 U.S.C. § 844(a). See 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(7), 5C1.2. The court also rejected the government's position that he should receive a two-level increase for reckless endangerment because he fled through a nearby residence. See U.S.S.G. § 3C1.2. These rulings resulted in a guidelines sentencing range of 37 to 46 months in prison, which is not at issue on appeal. Recognizing that the guidelines are advisory under United States v. Booker, 543 U.S. 220 (2005), the district court sentenced Claiborne to 15 months in prison, concluding that "the 37 month low end of the range is, in my view, excessive" because of Claiborne's lack of criminal history, young age, the small quantity of drugs involved, and the court's opinion that Claiborne was not likely to commit similar crimes in the future. The government appeals, arguing that 15 months is an unreasonable downward variance from the guidelines range.

Under Booker, the sentencing guidelines are no longer a mandatory regime. Instead, the district court must take the advisory guidelines into account together with other sentencing factors enumerated in 18 U.S.C. § 3553(a). 543 U.S. at 259-60. In fashioning an appropriate sentence, the district court must first calculate the applicable guidelines sentencing range. United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied 126 S.Ct. 276 (2005). The court may then impose a sentence outside the range in order to "tailor the sentence in light of the other statutory concerns" in § 3553(a). Booker, 543 U.S. at 245-46. When the district court has correctly determined the guidelines sentencing range, as in this case, we review the resulting sentence for reasonableness, a standard akin to our traditional review for abuse of discretion.

The Guidelines were fashioned taking the other § 3553(a) factors into account and are the product of years of careful study. Thus, the guidelines sentencing range, though advisory, is presumed reasonable. See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005); United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005). When the district court varies from the guidelines range based upon its analysis of the § 3553(a) factors, we must examine whether "the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance . . . is reasonable." United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005); see Haack, 403 F.3d at 1004. "Sentences varying from the guidelines range . . . are reasonable so long as the judge offers appropriate justification under the factors specified in 18 U.S.C. § 3553(a). How compelling that justification must be is proportional to the extent of the difference between the advisory range and the sentence imposed." United States v. Johnson, 427 F.3d 423, 426-27 (7th Cir. 2005) (citation omitted). A "range of reasonableness" is within the court's discretion. United States v. Saenz, 428 F.3d 1159, 1165 (8th Cir. 2005).

Here, the district court imposed a 15-month sentence when the bottom of Claiborne's advisory guidelines range was 37 months. This is a sixty percent downward variance. "An extraordinary reduction must be supported by extraordinary circumstances." United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005). We conclude that the sixty percent reduction granted to Claiborne was an extraordinary variance that is not supported by comparably extraordinary circumstances. Claiborne's lack of criminal history was taken into account when the safety valve eliminated an otherwise applicable mandatory minimum sentence. The small amount of crack cocaine seized during his two offenses was taken into account in determining his guidelines range. Substantially reducing the resulting guidelines range sentence based upon drug quantity is unreasonable because it is a fair inference that Claiborne distributed additional quantities of cocaine during the six months between the two occasions interdicted by the police. Similarly, while the district court properly focused on the likelihood Claiborne would commit further crimes in the future, the

fact that he committed a second serious drug offense six months after his first arrest demonstrates that Claiborne has not earned an extraordinary downward variance from a guidelines sentence that already reflects substantial leniency.

For the foregoing reasons, we conclude that the sentence is unreasonable and remand to the district court for resentencing.

_____