# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2178

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Stevie Glenn Howard, | * |
| | * [UNPUBLISHED] |
| Defendant - Appellant. | * |

———————

Submitted: November 14, 2006
Filed: November 17, 2006

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

Stevie Glenn Howard pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to the statutory maximum sentence of 120 months imprisonment, and Howard appeals, challenging the reasonableness of his sentence. We affirm.

---

[1] The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Howard was indicted for being a felon in possession of a firearm after local authorities stopped his pickup truck in response to a 911 domestic disturbance call. Police discovered shotgun shells in the vehicle and subsequently recovered a shotgun from a closet in Howard's residence. Howard admitted knowing possession of the firearm as a felon and pled guilty to the charge.

At sentencing, the district court calculated a total offense level of 21 and criminal history category VI with a resulting advisory guideline range of 77 to 96 months. The government argued for an upward departure based on the underrepresentation of defendant's criminal history and the likelihood of recidivism, and the district court informed the parties that it was considering an upward variance to the statutory maximum sentence of 120 months. The court then denied the motion for an upward departure and instead varied upward from the suggested guideline range to impose a 120 month sentence. Howard appeals, arguing that the court abused its discretion when it varied upward and that the extent of the variance resulted in an unreasonable sentence.

We review the decision to vary from the suggested guideline range and the resulting sentence for reasonableness, United States v. Mickelson, 433 F.3d 1050, 1055 (8th Cir. 2006); United States v. Ture, 450 F.3d 352, 356 (8th Cir. 2006), which is a standard "akin to our traditional review for abuse of discretion." United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2000). A sentencing court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005).

The district court stated that its upward variance was based on the factors in 18 U.S.C. § 3553(a), "the defendant's significant and violent criminal history, the probability of the defendant committing future crimes, and the defendant's child

support arrearage."  Given Howard's expansive criminal record, which includes 14 convictions for which he did not receive criminal history points, 3 prior felony convictions, and 7 assault convictions, and the fact that Howard was in arrears in child support payments in the amount of $21,529 at the time of sentencing, we conclude that the district court's upward variance and resulting 120 month sentence do not traverse "the boundaries of reasonableness." United States v. Marshall, 411 F.3d 891, 895 (8th Cir. 2005).

Accordingly, we affirm the judgment of the district court.

_____