**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rheuben David AMOS, aka Charlies Wooder, Defendant–Appellant.**

No. 05–50947.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Dec. 20, 2006.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Before: WARDLAW, PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Rheuben David Amos ("Appellant") asserts that the district court erred in applying a sentence enhancement for "physical restraint" of victims during the commission of a bank robbery, pursuant to U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B3.1(b)(4)(B). We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Thompson,* 109 F.3d 639, 640 (9th Cir. 1997). Under the Guidelines, a two-level enhancement may be applicable "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(B). "Physically restrained" is defined as "forcible restraint of the victim such as by being tied up, bound, or locked up." U.S.S.G. § 1B1.1, App. note 1, comment. We have noted that physical restraint

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

"usually involve[s] a *sustained focus* on the restrained person that lasts long enough for the robber to direct the victim into a room or order the victim to walk somewhere." *United States v. Parker,* 241 F.3d 1114, 1118 (9th Cir.2001).

Here, Appellant physically restrained bank employees both to facilitate commission of the offense and to facilitate escape. One incident of physical restraint occurred when Appellant, displaying a BB gun in his waistband, ordered three bank employees to walk from the teller window area to the bank vault, pushing one of the three employees along the way. Once inside the bank vault, Appellant then ordered two employees to the ground and directed the third employee to load cash into his bag. He then shoved that employee to the ground, threatened to kill the three employees if they moved from the vault floor, and subsequently shut the door to the vault. Based on this incident of physical restraint, we affirm the district court's upward adjustment under § 2B3.1(b)(4)(B).

We defer consideration and resolution of the remaining issues—whether the district court gave proper weight to the Guidelines when sentencing Appellant and whether the sentence imposed was unreasonable in light of the Guidelines factors—pending resolution of *United States v. Claiborne,* 439 F.3d 479 (8th Cir.2006), *cert. granted,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), and *United States v. Rita,* 177 Fed.Appx. 357 (4th Cir.2006), *cert. granted,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006).

Accordingly, we **AFFIRM** in part, and **DEFER** in part. The issuance of the

mandate shall be stayed pending *Claiborne* and *Rita.*