**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alberto HERRERA–TORRES, aka**
**Alberto Melchor–Torres,**
**Defendant–Appellant.**

**No. 05–50794.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Feb. 13, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Brent G. Tabacchi, AUSA, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Michael Schafler, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW, PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM **

Alberto Herrera–Torres appeals the 77–month sentence imposed by the district

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

court for being an alien found in the United States without permission following deportation in violation of 8 U.S.C. § 1326.[1] The facts are known to the parties, and we do not repeat them here.

Herrera–Torres argues that the district court improperly treated the Sentencing Guidelines as mandatory in determining "the kinds of sentence available" as required by 18 U.S.C. § 3553(a) and that, by doing so, the district court failed to consider all of the factors in that section as mandated by the Supreme Court in *United States v. Booker*, 543 U.S. 220, 245–46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The record supports Herrera–Torres's contention. The district court noted that under *Booker*, the Sentencing Guidelines are no longer mandatory and that it was required to impose a sentence according to the factors set forth in § 3553(a). However, when it reached the third of these factors—"the kinds of sentence available"—it implied that it viewed imprisonment as mandated by the Guidelines, stating that "[b]ecause Guidelines sentence falls within Zone D, the minimum term (77 months) must be satisfied through imprisonment."

On the record, it is impossible for us to determine the district court's reasons for imposing the 77–month sentence of imprisonment and whether it incorrectly believed that the Sentencing Guidelines required the sentence to take the form of imprisonment. We therefore **VACATE** the sentence and **REMAND** for resentencing. On remand, the district court may wish to take note of the Supreme Court's anticipated opinions in *U.S. v. Claiborne*, 439 F.3d 479 (8th Cir.2006), *cert. granted*, —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006) and *U.S. v. Rita*, 177 Fed.Appx. 357

(4th Cir.2006), *cert. granted*, —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006). As to all other issues raised by Herrera–Torres, we **AFFIRM** the district court.

**AFFIRMED** in part; **VACATED** and **REMANDED** in part.

---

1. Herrera–Torres appeals three other issues related to his sentence and to the district court's admission of certain evidence. As Appellant himself acknowledges, his arguments on these other issues are foreclosed by binding precedent of this court or of the Supreme Court, and we will not address them here.