**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo PEREZ–MORALES,**
**Defendant–Appellant.**

**No. 06–30310.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2007 *.

Filed Feb. 22, 2007.

Baron C. Sheldahl, Esq, USPO—Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Robert A. Weppner, Law Offices, Portland, OR, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Before: THOMPSON and BYBEE, Circuit Judges, and MILLS **, District Judge.

MEMORANDUM ***

Appellant Arturo Perez–Morales ("Appellant") appeals his conviction and sentence for being an illegal alien found in the United States following deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). The facts and procedural history are familiar to the parties, and we do not repeat them here.

Appellant's conviction challenge rests on his assertion that his plea was not knowing and intelligent because he was not advised that the government would have to prove the existence of his prior aggravated felony convictions to a jury beyond a reasonable doubt to render him eligible for an enhanced sentence under 8 U.S.C. § 1326(b)(2). Because at trial the government would have had no such obligation, however, Appellant's argument is without merit. *See, e.g., Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *Almendarez–Torres v. United States,* 523

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Appellant's second claim is that his sentence is unreasonable under 18 U.S.C. § 3553 because the district court failed to adequately consider non-Guidelines sentencing factors, gave the advisory Guidelines sentencing range undue weight, and rejected a lower sentence on the basis of Appellant's previous convictions. Because the weight the district court should have accorded the Guidelines and the extent to which it should have considered the non-Guidelines factors is currently before the United States Supreme Court, *see United States v. Claiborne,* 439 F.3d 479 (8th Cir. 2006), *cert. granted,* — U.S. —, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006); *United States v. Rita,* 177 Fed.Appx. 357 (4th Cir.2006), *cert. granted,* — U.S. —, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), and an en banc panel of this Court, *see United States v. Carty,* No. 05–10200; *United States v. Zavala,* No. 05–30120, we defer consideration of this issue until those cases are resolved.

Accordingly, we **AFFIRM** in part and **DEFER** in part. The issuance of the mandate shall be stayed pending *Claiborne* and *Rita.*