**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Carlos SANTOS, aka Charlie,**
**Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Mario Garcia–Cebreros, aka David,
Defendant–Appellant.

Nos. 06–30416, 06–30427.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2007.*

Filed March 14, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Russell E. Smoot, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Philip Edward Nino, Esq., Spokane, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM **

Appellants Carlos Santos and Mario Garcia–Cebreros were indicted for their part in a large drug conspiracy. They pleaded guilty and appeal their sentences. We affirm.

Santos pleaded guilty to conspiracy to distribute five kilograms or more of cocaine and one-half kilogram or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). Garcia–Cebreros pleaded guilty to the same charge, as well as to being an alien found in the United States after deportation or removal, in violation of 8 U.S.C. § 1326. The drug distribution charges carried a ten-year statutory minimum sentence. 21 U.S.C. § 841(b)(1)(A).

Santos argues that his sentence of 135 months is unreasonable. Although the contours of post-*Booker* reasonableness review are unclear pending the Supreme Court's decisions in *United States v. Rita,* 177 Fed.Appx. 357 (4th Cir.), *cert. granted,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006) (No. 06–5754), and *United States v. Claiborne,* 439 F.3d 479

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(8th Cir.), *cert. granted,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006) (No. 06–5618), under any plausible standard of review Santos's 135–month sentence for a massive drug conspiracy with a 120–month mandatory minimum was reasonable on these facts. The district court correctly calculated the Guidelines range, *see United States v. Mix,* 457 F.3d 906, 911 (9th Cir. 2006), considered the § 3553(a) factors, *id.,* and came to a reasonable conclusion in light of the nature of the crime, the history and characteristics of Santos, the sentences of other defendants in the case, and the need for deterrence.

■ Garcia–Cebreros also alleges that his sentence of 126 months was improper. He argues that the district court treated the Sentencing Guidelines as mandatory, erred by not departing below the mandatory minimum sentence, and unreasonably added six months for the illegal reentry charge. None of his arguments have merit.

■ Garcia–Cebreros's argument that the district court erred in failing to grant a downward departure from the mandatory minimum sentence cannot prevail, because "*Booker* does not bear on mandatory minimums." *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005). His further contention that the district court treated the guidelines as mandatory is baseless, as well, given that the judge relied at sentencing on a *statutory* minimum, not on a Guidelines calculation. Nor was the addition of six months for the additional crime of illegal reentry unreasonable. The district court noted that the six additional months were necessary to fulfill the factors under the sentencing statute to deter people from committing similar crimes and to punish Garcia–Cebreros for the separate act of illegal reentry. In light of the district court's considerations, its addition of a six-month term on the reentry charge to run consecutively to the mandatory minimum sentence on the drug charge, for a total sentence of 126 months, was not unreasonable.

**AFFIRMED.**