NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 17, 2007
Decided April 25, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3209

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 965-1 |
| KENDRICK THOMAS, *Defendant-Appellant.* | Mark R. Filip, *Judge.* |

**O R D E R**

After Kendrick Thomas pleaded guilty to possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), the district court sentenced him to 188 months imprisonment, the bottom of his properly calculated guidelines range. He argues that his sentence is unreasonable because most of his prior offenses were misdemeanors and traffic violations, yet when added up they put him in criminal-history Category VI. He also contends that affording a presumption of reasonableness to a sentence within the guidelines range creates a "de facto binding guidelines regime" in contravention of *United States v. Booker*, 543 U.S. 220 (2005).

In 2003 a Drug Enforcement Administration task force investigated crack dealing by the Gangster Disciples street gang in Elgin, Illinois. During the investigation an informant bought crack from Thomas on two occasions. The first transaction involved 53 grams and the second, 115 grams. Thomas was charged with two counts of possessing crack (cocaine base) with intent to distribute, 21 U.S.C. § 841(a)(1), and he pleaded guilty to both counts. The quantity of crack triggered ten-year mandatory minimums by statute, *id.* § 841(b)(1)(A)(iii), and a total offense level of 31 under the sentencing guidelines. U.S.S.G. §§ 2D1.1(c)(3); 3E1.1.

The district court counted 13 criminal history points, which placed Thomas in Category VI. Thomas was convicted of reckless conduct in 1995, resisting a peace officer and contributing to the delinquency of a minor in 1996, attempted aggravated battery in 1997, criminal trespass and aggravated battery in 1999, and possession of cannabis in 2002. He also was convicted ten times between 1995 and 2002 of driving without a license or while his license was suspended. Thomas conceded that he was correctly classified as Category VI, but he argued that the district court should sentence him below the guidelines range because his criminal history consisted of "petty misdemeanor[s]" rather than crimes of violence or drug dealing. The district court acknowledged that some of Thomas's convictions were for minor offenses, and offered that as a reason for selecting a sentence of 188 months, the bottom of Thomas's guidelines range. The court declined to go lower because some of Thomas's convictions were for crimes of violence, and because the sheer number of convictions was "extraordinary."

On appeal Thomas primarily argues—somewhat anachronistically—that he is "entitled" to a one-level "departure" in his criminal history category because, in his view, placement in Category VI substantially over-represents both the seriousness of his criminal history and the likelihood that he will commit other crimes. If a defendant is able to persuade a sentencing court of such contentions, U.S.S.G. § 4A1.3(b)(1) encourages the court to downwardly "depart" from the guidelines in imposing sentence. But arguing whether Thomas qualifies for a downward "departure" is a needless complication after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Spano*, 476 F.3d 476, 480 (7th Cir. 2007) (noting obsolescence of "departures" post-*Booker*).

The real question on appeal is whether the district court considered the factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence that is reasonable. *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006). Here, the district court considered Thomas's argument that his relatively modest criminal history militated for a below-range sentence but ultimately rejected it, noting that Thomas "has been shown leniency repeatedly and then nonetheless has chosen to continue to break

the law." The court also described the impact of Thomas's crime on the Elgin community where, according to a task force officer who testified at sentencing, "open-air drug markets" forced children off the streets. The court cited the need to generally deter such crimes as well as a need to specifically deter Thomas as justification for the 188-month sentence; the court was required to do no more. *See United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

Although the district court refused to sentence Thomas below his guidelines range, it cited, as we have noted, Thomas's criminal-history argument as the primary reason for selecting 188 months, the bottom of the range. Thomas is not satisfied with that concession, maintaining on appeal that his sentence is unduly severe because it is driven by his "minor offense and traffic violations." But in truth the quantity of crack Thomas dealt, not his criminal history, largely determined his sentence. Only three of Thomas's ten convictions for driving without a valid license were counted in his criminal history score. If they had been left out of the equation entirely, his criminal history score would drop to a Category IV, but his 188-month sentence would still be within the guidelines range. *Cf. United States v. Stitman*, 472 F.3d 983, 989 (7th Cir. 2007) (noting that even if defendant prevailed on argument to lower his properly calculated criminal-history category, his actual sentence would still be within the new guidelines range). Nor is Thomas's sentence unreasonable, as he urges, simply because many of his prior crimes were misdemeanors. *See United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006) (upholding Category VI designation and sentence at high end of guidelines range although defendant's criminal past consisted solely of misdemeanors).

Thomas also asserts that the presumption of reasonableness afforded on appeal to sentences within a properly calculated guidelines range, *see, e.g.*, *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110-11 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), "virtually reinstates the previous mandatory sentencing regime" because district courts "refuse to apply below-[g]uidelines sentences unless there are glaring extraordinary circumstances present." He argues that the presumption caused the district court to select a sentence based on "strict [g]uideline calculations without adequate consideration being given to [his] individual circumstances, history and characteristics." But as already discussed, the district court in fact explicitly considered the § 3553(a) factors and articulated point-by-point responses to each argument advanced by Thomas in favor of a lower sentence. Thomas cites to the Supreme Court's decision to grant certiorari in *United States v. Rita*, No. 05-4674, 177 F. App'x 357 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), and *United States v. Claiborne*, 439 F.3d 479 (8th Cir. 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5618), but the citations are perfunctory; he does not explain how the potential resolution of either case might bear on his sentence.

Accordingly, the judgment of the district court is AFFIRMED.