**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 17, 2007
Decided April 25, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3037

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-56-C-01 |
| ANDRE FISHER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Andre Fisher challenges his sentence for possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1), but he concedes that his claims are all are contrary to the law of this circuit. The district court sentenced Fisher to 210 months' imprisonment, the bottom of the guidelines range. On appeal Fisher contends that the Supreme Court's resolutions of *Rita v. United States*, 177 F.App'x. 357 (4th Cir. 2006), *cert. granted*, 127 S.Ct. 551 (U.S. Nov. 3, 2006) (06-5754), and *Claiborne v. United States*, 439 F.3d 479 (8th Cir. 2006), *cert. granted*, 127 S.Ct. 551 (U.S. Nov. 3, 2006) (06-5618), may somehow affect his sentence. We affirm.

A confidential informant tipped off police that Fisher was dealing crack in Madison, Wisconsin. After the police observed the informant buy 56 grams of crack

from Fisher, they obtained a warrant to search his apartment. The search turned up 245 grams of crack, two firearms, and bullets. Fisher confessed to the police: "I did this. This is my crime."

After Fisher pleaded guilty to possessing crack with the intent to distribute, the probation officer calculated a guidelines range of 210 to 262 months' imprisonment. At sentencing Fisher argued for a lower sentence based on his contention that the guidelines range did not adequately account for his personal circumstances or the nature of his crime. He primarily argued that the 100-to-1 ratio in the guidelines for crack versus powder cocaine resulted in a sentence more severe than he deserved as a small-time street dealer without a long history of violence. The district court disagreed that Fisher was small-time and found instead that he was a "reasonably large-scale dealer." The court also stated that it was not free to disagree with what Congress had decided was an appropriate penalty for dealing crack. The court therefore concluded that a sentence at the bottom of the properly-calculated guidelines range was reasonable.

On appeal Fisher first asserts that a "Guidelines sentence does not deserve a presumption of reasonableness." But this contention is premature considering that we have not yet *applied* a presumption of reasonableness to his sentence. If Fisher means to suggest that the court *should not* accord a presumption of reasonableness to his sentence, then his contention is frivolous because he does not argue that his sentence would be deemed unreasonable but for the presumption.

Fisher next asserts that if the Supreme Court resolves *Claiborne* "in favor of permitting a district court to substantially depart from the Guidelines without extraordinary circumstances," then district courts essentially would be free to "depart from the Guidelines because the Court disagrees with them." But this statement is questionable at best. The issue presented in *Claiborne* is whether a district court must be presented with "extraordinary circumstances" before it can impose a sentence substantially below the guidelines range. Fisher has not attempted to explain how the Court's resolution of *Claiborne* will affect his sentence. The legislative distinction between the sentencing consequences for crimes involving crack versus powder cocaine was not at issue in *Claiborne*, and in Fisher's case the district court did not refuse to go below the guidelines range based on a perceived need for showing of "extraordinary circumstances" to do so. In sum, Fisher's reference to *Claiborne* is more of a comment than a claim of error; there is nothing for us to decide.

Finally, Fisher's argument on appeal regarding the 100-to-1 ratio in the guidelines for crimes involving crack versus powder cocaine is different from the argument he raised in the district court. At sentencing Fisher argued that the ratio "greatly exaggerates the seriousness of this particular offense" and that the court

should consider this overstatement as a reason to sentence him below the guidelines range.  On appeal, however, he argues that if "the Supreme Court decides that a Guidelines sentence is not entitled to a presumption of reasonableness and that district courts may impose below Guidelines sentences based on less than extraordinary factors, it follows that district courts may depart from the crack Guidelines simply because the court disagrees with them."  If Fisher is arguing that *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006) (holding that district courts cannot disregard the 100-to-1 ratio), was wrongly decided, then he can present this argument now.  He need not wait for the Supreme Court's rulings in *Rita* and *Claiborne*.  But we have repeatedly reaffirmed *Miller*, *see, e.g., United States v. Romero*, 469 F.3d 1139, 1153 (7th Cir. 2006); *United States v. Gonzalez*, 462 F.3d 754, 755 (7th Cir. 2006); *United States v. Hankton*, 463 F.3d 626, 629-30 (7th Cir. 2006), and we see no reason to overturn it now.

After the district court calculated the guidelines range, the court was free to consider how factors listed in 18 U.S.C. § 3553(a) affect the reasonableness of the guidelines range.  *Miller*, 450 F.3d at 275.  And Fisher argued to the court why he believed he should be treated as a minor crack dealer and why he thought the guidelines range was unreasonably high, considering his personal characteristics and the nature of his offense.  The district court thought otherwise.  But the court was not free to conclude that *any* sentence that relied on the 100-to-1 ratio was unreasonable, and to do so would have been reversible error.  *See United States v. Jointer*, 457 F.3d 682, 687 (7th Cir. 2006).

Accordingly, we AFFIRM the district court's sentence.