**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD RAY LUCERO,

Defendant - Appellant.

No. 06-2207

(D. New Mexico)

(D.C. No. CR-05-2261 JC)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

**I. INTRODUCTION**

Donald Ray Lucero pleaded guilty to a single count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g). The district court

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

imposed a sentence of thirty-three months' imprisonment, a sentence at the very low end of the properly calculated range set out in the advisory Sentencing Guidelines. On appeal, Lucero contends both that (1) the district court failed to sufficiently explain its sentence by reference to the factors set out in 18 U.S.C. § 3553(a) (i.e., the district court's sentence is procedurally unreasonable); and (2) the sentence ultimately imposed by the district court was unduly harsh (i.e., the sentence is substantively unreasonable). Upon review, this court concludes Lucero's arguments are without merit. Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court **affirms** the sentence imposed by the district court.

## II. BACKGROUND

*A. Factual Background*

The string of events leading to Lucero's arrest and eventual prosecution begin on the shoulder of a highway in Albuquerque, New Mexico. A police officer with the Albuquerque Police Department observed Lucero's vehicle parked on the shoulder of the highway; the vehicle's windshield was badly damaged and a man was standing by its passenger side. Believing the vehicle had struck something, possibly a pedestrian, the officer pulled over and called for assistance. The man standing beside the vehicle told the officers he was hitchhiking when he was "flagged down" by Lucero. He further indicated Lucero appeared to be extremely intoxicated and had open bottles of liquor in the vehicle.

A DWI unit was dispatched to the scene. At some point thereafter, an officer saw a gun holster on the front passenger seat and the muzzle of a handgun sticking out between the front passenger seat and the passenger door. The officers arrested Lucero for negligent use of a firearm. A search of Lucero's person revealed two rounds of ammunition. An inventory search of the vehicle revealed a loaded nine millimeter handgun[1] with ten rounds of ammunition, including one in the chamber; a spent casing in the back passenger floorboard; a body armor vest; nine bottles of beer, one of which was open; an opened bottle of cognac; and approximately two grams of methamphetamine.

During the investigation, Lucero's pregnant girlfriend, Felicia Orona, arrived at the scene with her parents. Orona told the officers Lucero had arrived intoxicated at her place of employment and had caused a scene. Orona convinced Lucero to let her drive him home. During that drive home, Lucero apparently became upset with her and started kicking the windshield from the passenger seat, breaking it. Fearing for her safety, Orona pulled the car over and fled on foot. Orona further indicated the gun and methamphetamine officers found in the vehicle belonged to Lucero.

---

[1]A subsequent investigation revealed the weapon found in Lucero's possession was stolen during a burglary. The owner of the weapon indicated to officers that he did not know Lucero and had not given him permission to possess the weapon.

*B. Procedural Background*

After Lucero pleaded guilty to a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), a United States Probation Officer prepared a Presentence Investigation Report ("PSR"). The PSR set Lucero's base offense level at fourteen. USSG § 2K2.1(a)(6). The PSR enhanced Lucero's offense level by two levels because the firearm he illegally possessed was stolen. *Id.* § 2K2.1(b)(4). Lucero's adjusted offense level was then reduced by three levels for acceptance of responsibility, *id.* § 3E1.1, resulting in a total offense level of thirteen. Lucero had a total of twenty criminal history points, seven more than necessary to place him in the most serious criminal history category, e.g., VI. With a total offense level of thirteen and a criminal history category of VI, the PSR noted Lucero's advisory Sentencing Guidelines range was thirty-three to forty-one months' imprisonment.

In response to the PSR, Lucero filed a "Request for Downward Departure and Non-Guideline Sentence" (the "Motion"). In the Motion, Lucero acknowledged the PSR correctly calculated his criminal history points and his placement in criminal history category VI was "technically" correct, but argued the criminal history category significantly over-represented the seriousness of his criminal history and the likelihood he would commit other crimes in the future. Lucero requested that the district court reduce his criminal history points from

twenty to nine, resulting in a criminal history category IV and an advisory Guidelines range of twenty-four to thirty months.

At the sentencing hearing, Lucero advanced the same arguments he had set out in the Motion. He again acknowledged his criminal history category of VI was a "correct application of the guidelines." He nevertheless argued a criminal history category of VI overrepresented his criminal history for the following reasons: (1) he had not been convicted of a felony crime of violence or a felony drug trafficking crime; (2) he amassed a significant number of criminal history points within a relatively short six-week period; and (3) it was unfair to place him in the same criminal history category as an armed career criminal or a career offender, or one criminal history category above that of a sex offender.

The district court rejected Lucero's requests for a downward departure or variance and, instead, imposed a sentence of thirty-three months, a sentence at the very bottom of the advisory Guidelines range. In so doing, the district court stated that its sentence "reflect[ed] the seriousness of the offense, a lot of respect for the law, and provide[d] just punishment for the offense." The court further noted that in arriving at a sentence of thirty-three months' imprisonment, it had "considered the sentencing guideline applications and the factors set forth in 18 United States Code Section 3553 (a)(1) through (7)." Finally, the district court indicated it had intended to impose a sentence of forty-one months, the top of the

advisory Guideline range, but had instead chosen the thirty-three-month sentence based on the arguments presented by defense counsel.

## III. DISCUSSION

"Under Booker, we are required to review district court sentencing decisions for 'reasonableness.'" *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). This court applies a two-step approach to review the procedural and substantive components of sentences. *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006). First, if raised on appeal, this court considers whether the district court properly calculated the defendant's Guidelines sentence and considered the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). If the district court did not commit any procedural errors in arriving at a sentence, this court reviews whether the sentence imposed is reasonable in light of the factors set forth in § 3553(a). *Kristl*, 437 F.3d at 1054-55.

In this case, Lucero does not challenge the district court's application of the Guidelines. Instead, he argues his thirty-three-month sentence is procedurally unreasonable because the district court failed to adequately state on the record, with specific reference to the § 3553(a) factors, its reasons for rejecting his request for a sentence outside of the advisory Guidelines range. Lucero's procedural reasonableness claim is resolved by this court's recent decision in *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199-1203 (10th Cir. 2007).

*Ruiz-Terrazas* held that "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *Id.* at 1202. In so doing, the *Ruiz-Terrazas* court specifically distinguished *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), the primary case relied upon by Lucero on appeal, harmonizing that decision with the earlier decision in *United States v. Lopez-Flores*, 444 F.3d 1178 (10th Cir. 2006). 477 F.3d at 1199-1203. As was the case in *Ruiz-Terrazas*, the district court here entertained extensive arguments relating to the § 3553(a) factors, specifically noted it had considered Lucero's arguments for a below-Guidelines sentence,[2] indicated on the record that it had considered the § 3553(a) factors, and ultimately imposed a sentence within the properly calculated Guidelines range. *See id.* 1202-03. Thus, the process employed by the district court in imposing Lucero's sentence was reasonable. *See id.*

For many of the same reasons he advanced before the district court in requesting a sentence below the range set out in the advisory Guidelines, Lucero asserts the sentence ultimately imposed by the district court is substantively unreasonable. Because the district court imposed a sentence within the range set out in the properly calculated advisory Guidelines range, the district court's

---

[2]In fact, as noted above, the district court specifically stated that based on the arguments presented by Lucero it had decided to impose a sentence at the bottom of the advisory Guidelines range instead of one at the top of that range.

sentence is "entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054. Lucero has failed to rebut that presumption.

At their base, Lucero's arguments both before the district court and before this court on appeal boil down to an assertion the advisory Sentencing Guidelines overstate the seriousness of his criminal history and the likelihood he will engage in recidivist conduct. This contention is simply inconsistent with the record. Lucero's criminal history has persisted for fifteen years and is the paradigmatic example of recidivism. Although Lucero is correct in noting that his criminal history is void of violent felonies, the government is likewise correct in noting his criminal history is not void of violence. Lucero has been convicted of (1) conspiracy to commit robbery, which involved the use or threatened use of force to take a purse from the person of another; (2) battery and assault on a household member; and (3) assault involving the threatened use of a knife. In light of Lucero's extensive and nearly continuous involvement in criminal activity, we are completely unconvinced by Lucero's claim that the advisory Sentencing Guidelines overstate the seriousness of his criminal history or his potential for recidivism. Lucero has failed to overcome the *Kristl* presumption that his sentence of thirty-three months' imprisonment, a sentence at the very bottom of the advisory Guidelines range, is reasonable.

As a final salvo, Lucero asserts this court's precedents, which accord a presumption of reasonableness to sentences within the advisory Guidelines range,

are inconsistent with the Supreme Court's decision in *Booker*. The Supreme Court recently heard oral argument in two cases which will very likely impact the way federal appellate courts review sentences after *Booker*. *See United States v. Rita*, 177 F. App'x 357 (4th Cir.), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5754); *United States v. Claiborne*, 439 F.3d 479 (8th Cir.), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5168). This uncertainty is, however, of absolutely no help to Lucero. Even completely setting aside *Kristl*'s presumption of reasonableness and reviewing Lucero's sentence anew in light of the § 3553(a) factors, we conclude the sentence imposed by the district court is reasonable in light of Lucero's extensive and unrelenting criminal history.

## IV. CONCLUSION

For those reasons set out above, the sentence imposed by the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge