**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMIRO PORTILLO-ALVAREZ,

Defendant - Appellant.

No. 06-8035

(D. Wyoming)

(D.C. No. 05-CR-297-ABJ)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this court has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Ramiro Portillo-Alvarez pleaded guilty to a single count of illegal reentry
by a previously removed alien in violation of 8 U.S.C. § 1326(a). Because his
prior removal was subsequent to a California felony conviction for possession of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

a controlled substance for sale, his illegal reentry in this case subjected him to a twenty-year maximum sentence. 8 U.S.C. § 1326(b)(2). Based on a total offense level of twenty-one and a criminal history category of III, Portillo-Alvarez's advisory Sentencing Guidelines range was forty-six to fifty-seven months' imprisonment. At sentencing, Portillo-Alvarez asked the district court to depart downward two levels from the otherwise applicable offense level on the basis of USSG § 5K2.11 (lesser harms). Such a departure would result in an advisory Guidelines range of thirty-seven to forty-six months' imprisonment. In support of his request for a § 5K2.11 departure, Portillo-Alvarez argued his family home in Mexico was subject to an ongoing ownership dispute, which dispute had already resulted in the murder, *inter alia*, of his father and brother. According to Portillo-Alvarez, he had returned to the United States to avoid a similar fate.

The district court denied the request for a downward departure, concluding the circumstances surrounding the murder of Portillo-Alvarez's family members raised as many questions as answers. It noted those circumstances, especially when coupled with Portillo-Alvarez's own criminal history and the circumstances surrounding his arrest in this case,[1] indicated a possibility the deaths flowed from involvement in the drug trade rather than from a simple land dispute. Thus, after having considered the factors set out in 18 U.S.C. § 3553(a) and the range

---

[1]Portillo-Alvarez was arrested on the periphery of a substantial narcotics bust by the Wyoming Division of Criminal Investigation under circumstances which, at a minimum, suggest he was involved in the drug conspiracy.

suggested in the advisory Sentencing Guidelines, the district court imposed a sentence of forty-six months, a sentence at the very bottom of the advisory Guidelines range.

Portillo-Alvarez's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising the court that Portillo-Alvarez's appeal is wholly frivolous. Accordingly, counsel also seeks permission to withdraw. Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit an "appellate brief indicating any potential appealable issues." *Id.* Once notified of counsel's brief, the defendant may then submit additional arguments to this court. *Id.* We "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *Id.* Portillo-Alvarez was given notice of the *Anders* brief and counsel's motion to withdraw, but did not file a brief of his own. Our resolution of the case is, therefore, based on counsel's *Anders* brief, the government's response, and this court's independent review of the record.

In his *Anders* brief, counsel notes that Portillo-Alvarez insisted on appealing his sentence on the simple ground that it is too long. Counsel further asserts that such an appeal is frivolous because this court does not have jurisdiction to review a sentence on this ground when the sentence imposed is within a properly

calculated Guideline range. For this proposition, counsel relies on *United States v. Garcia*, 919 F.2d 1478, 1481 (10th Cir. 1990). While counsel's contention was surely correct prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), it is at odds with the current state of the law. For all those reasons set out at length in *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1112-14 (10th Cir. 2006), it is clear post-*Booker* that this court has jurisdiction to review the reasonableness of a sentence whether or not the sentence is inside or outside of the range set out in the advisory Sentencing Guidelines.[2]

Although counsel is incorrect in asserting this appeal is frivolous because we lack jurisdiction to review any aspect of Portillo-Alvarez's sentence, our independent review of the record demonstrates he is nevertheless correct in asserting this appeal is frivolous. The district court imposed a sentence of forty-six months, a sentence at the bottom of the properly calculated advisory Guidelines range. Accordingly, the sentence is presumptively reasonable. *United*

---

[2]Albeit for a different reason than identified by counsel in his *Anders* brief, the record does reveal a potential appellate claim over which this court lacks jurisdiction. Portillo-Alvarez could potentially lodge a challenge to the district court's refusal to grant him a downward departure pursuant to § 5K2.11. Even after *Booker*, however, this court lacks jurisdiction to review a district court's discretionary decision to deny a downward departure. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). In any event, this court has specifically held that § 5K2.11 departures are not allowed in illegal reentry cases because the crime of illegal reentry is not a specific intent crime. *United States v. Hernandez-Baide*, 392 F.3d 1153, 1157-58 (10th Cir. 2004), *cert. granted & judgment vacated by Hernandez-Baide v. United States*, 544 U.S. 1015 (2005), *opinion reinstated by United States v. Hernandez-Baide*, 146 F. App'x 302, 305 (10th Cir. 2005).

*States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).  A conscientious review of the record reveals no facts or circumstances that would render Portillo-Alvarez's forty-six-month sentence unreasonable in light of the other sentencing factors set out in § 3553(a).  *See id.*  In particular, Portillo-Alvarez was arrested on the periphery of a major narcotics bust under circumstances which are highly suspicious.  His instant arrest came a short thirteen months after he finished serving his California state felony conviction for possession of a controlled substance for sale and was deported to Mexico.  Furthermore, like the district court, we conclude the circumstances surrounding the deaths of Portillo-Alvarez's family members do not mitigate his culpability for illegal reentry.  As aptly noted by the district court, the circumstances surrounding the deaths of Portillo-Alvarez's family members are equally susceptible to an inference of involvement in the drug trade as they are to involvement in a simple land dispute.  In any event, as noted by the government at the sentencing hearing, there is nothing in the record explaining why Portillo-Alvarez could not avoid these family issues by simply relocating to a portion of Mexico away from his family home.[3]  In these

---

[3]Recognizing the analytical distinctions between departures and variances, it could nevertheless be argued, based on the analysis of departures in *Hernandez-Baide*, that it would be improper for a district court to vary from the advisory Guidelines range based solely on the defendant's motivation for reentering the United States.

Section 1326(a) makes it a crime for any alien to reenter the United States, after being deported, without the express permission of the Attorney General.  We previously determined § 1326(a) is a

(continued...)

circumstances, the sentence imposed by the district court is most certainly reasonable.

The Supreme Court recently heard oral argument in two cases which may call into question this court's precedents which afford a presumption of

_____

[3](...continued)
regulatory measure with no express mens rea element or Congressional intent to include a mens rea element to be proven by the government for conviction. *See United States v. Martinez-Morel*, 118 F.3d 710, 715-17 (10th Cir. 1997). Our determination is consistent with the Supreme Court's conclusion that regulatory statutes, silent with respect to mens rea, "impose a form of strict liability," and an inference "Congress did not intend to require proof of mens rea to establish an offense." *Id.* at 716 (relying on *Staples v. United States*, 511 U.S. 600, 606 (1994)). Thus, a deported alien, who makes an unauthorized entry into this country, is arguably per se, or "strictly," liable for such criminal conduct, regardless of the underlying motivation for such illegal entry. *See id.* at 715-16.

   Given our determination § 1326 requires no specific motive or intent, we join those circuits which have considered § 5K2.11 in application to § 1326 and held that because § 1326(a) is not a specific intent crime, an alien's intent, motivation or reason for illegal entry into the country cannot serve as a basis for departure under § 5K2.11. It follows that because Congress excluded specific intent in imposing strict criminal liability under § 1326 for illegal reentry, specific intent should not serve to minimize the resulting sentence. To hold otherwise would not only contravene Congress's exclusion of specific intent in 8 U.S.C. § 1326, but its deterrence efforts towards those repeatedly crossing our borders in violation of this country's immigration laws. Thus, while Ms. Hernandez-Baide's maternal motivation for illegally reentering the country is extremely compelling, we nevertheless hold, as a matter of law, that downward departures under § 5K2.11 cannot apply to those convicted under 8 U.S.C. § 1326.

*Hernandez-Baide*, 392 F.3d at 1157-58 (footnote and citations omitted). Because the district court's sentence is reasonable without regard to this question, we leave its resolution for another day.

-6-

reasonableness to sentences falling within a properly calculated advisory Guidelines range. *See United States v. Rita*, 177 F. App'x 357 (4th Cir.), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5754); *United States v. Claiborne*, 439 F.3d 479 (8th Cir.), *cert. granted*, 127 S. Ct. 551 (2006) (No. 06-5168). Even completely setting aside *Kristl*'s presumption of reasonableness, however, and reviewing Portillo-Alvarez's sentence anew in light of the § 3553(a) factors, we conclude the sentence imposed by the district court is reasonable in light of Portillo-Alvarez's criminal history and demonstrated propensity toward recidivism.

This court's review of the record reveals no claims arguable on their merits. We therefore conclude Portillo-Alvarez's appeal is wholly frivolous. Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-7-