United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-21011
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AGUSTIN MONDRAGON-DIAZ, also known as Augustine Mondragon,
also known as Augustine Mondragon-Diaz

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-331-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Agustin Mondragon-Diaz (Mondragon) appeals his guilty-plea conviction
and 30-month sentence for unlawful reentry following deportation, in violation
of 8 U.S.C. § 1326. Mondragon asserts that his sentence is contrary to United
States v. Booker, 543 U.S. 220 (2005), and unreasonable as a matter of law. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

contends that this court's post-Booker decisions have effectively reinstated the mandatory guideline scheme condemned by Booker.

Mondragon concedes that this argument is foreclosed by circuit precedent, but he raises it to preserve it in light of the Supreme Court's grant of certiorari in Rita v. United States, 127 S. Ct. 551 (2006), and Claiborne v. United States, 127 S. Ct. 551 (2006). However, Rita now has been decided, and the Supreme Court has affirmed that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (quote at 2462). Furthermore, the Supreme Court has vacated the underlying Claiborne decision as moot due to the death of the petitioner. Claiborne v. United States, 127 S. Ct. 2245 (2007), vacating as moot 439 F.3d 479 (8th Cir. 2006). In light of these decisions, Mondragon's argument remains foreclosed.

Mondragon additionally challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Mondragon's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Pineda-Arrellano, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007). Mondragon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.