IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 06-41315
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROSENDO RODRIGUEZ-IZAGUIRRE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-288-All

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rosendo Rodriguez-Izaguirre appeals his conviction and sentence for attempted illegal reentry after deportation. Rodriguez-Izaguirre argues that affording a presumption of reasonableness to his sentence merely because it falls within the properly calculated sentencing range under the United States Sentencing Guidelines is inconsistent with United States v. Booker, 543 U.S. 220

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2005). Rodriguez-Izaguirre concedes that this argument is contrary to current Fifth Circuit precedent but raises it to preserve it for further review in light of the writs of certiorari granted by the Supreme Court in Rita v. United States, 127 S. Ct. 551 (2006), and Claiborne v. United States, 127 S. Ct. 551 (2006).

Rita now has been decided, and the Supreme Court has affirmed that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Furthermore, the Supreme Court has vacated the underlying Claiborne decision as moot due to the death of the petitioner. Claiborne v. United States, 127 S. Ct. 2245 (2007), vacating as moot 439 F.3d 479 (8th Cir. 2006). Therefore, Rodriguez-Izaguirre's argument remains foreclosed.

Rodriguez-Izaguirre also argues that his sentence is unreasonable because the district court failed to properly assess the factors set forth in 18 U.S.C. § 3553(a). The district court's sentence was imposed with sufficient consideration of the § 3553(a) factors and is not unreasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), petition for cert. filed, (U.S. May 21, 2007) (No. 06-11834); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Rodriguez-Izaguirre also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.

2

DENNIS, Circuit Judge, concurring in affirming the conviction and sentence only.

I concur in affirming the conviction and sentence only.  See  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007) (Dennis, J., concurring in affirming the conviction and sentence only).