**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Arturo PEREZ–MORALES,
Defendant—Appellant.**

No. 06–30310.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed July 28, 2008.

Baron C. Sheldahl, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Robert A. Weppner, Portland, OR, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMPSON and BYBEE, Circuit Judges, and MILLS,[**] District Judge.

SUPPLEMENTAL
MEMORANDUM [***]

The facts and procedure of the case are known to the parties, and we do not repeat them here. Arturo Perez–Morales raised several challenges to his conviction and sentence. We previously ruled on all but one of these challenges. *See United States v. Perez–Morales,* 221 Fed.Appx. 545 (9th Cir.2007). We deferred ruling on Perez–Morales' sentencing challenge pending resolution of *Claiborne v. United States,* —— U.S. ——, 127 S.Ct. 2245, 167 L.Ed.2d 1080 (2007) (mem.), and *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). *Perez–Morales,* 221 Fed.Appx. at 546. For the reasons set forth below, we now affirm the sentence of the district court.

We will only set aside a sentence when it is procedurally erroneous or substantively unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc). Perez–Morales argues that the district court erroneously treated the Guidelines as presumptively correct instead of advisory. *See Carty,* 520 F.3d at 993. We disagree. After calculating Perez–Morales' sentence under the Guidelines, the district court stated that the Guidelines are "just an advisory range, and only taken as one factor among many that I should consider under [18 U.S.C.] § 3553." The district court then considered the mitigating factors presented by Perez–Morales and tailored his sentence to his individual crime and his individual characteristics. *See id.* at 994.

Perez–Morales also argues that the district court improperly "double-counted" his prior drug trafficking conviction to enhance his criminal history score and to raise the guideline offense level. We disagree. Sentencing courts are permitted to use a defendant's prior felony conviction as the basis for an increase and in calculating a defendant's criminal history score. *See United States v. Luna–Herrera,* 149 F.3d 1054, 1056 (9th Cir.1998).

For the foregoing reasons, we **AFFIRM** the sentence of the district court.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.