In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-1307

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAMONT BUSH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 06-CR-98-001—**J.P. Stadtmueller**, *Judge*.

_____

ARGUED NOVEMBER 14, 2007—DECIDED APRIL 17, 2008

_____


Before POSNER, WOOD, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*.  Lamont Bush was sentenced to 96 months' imprisonment after pleading guilty to distributing more than 50 grams of crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 18 U.S.C. § 2. On appeal, he argues that the court imposed an unreasonable sentence because it refused to consider his argument challenging the disparity between the sentencing guidelines' recommended sentences for offenses involving crack cocaine and those involving powder cocaine, the so-called 100:1 ratio or crack/powder differential. In light of the Supreme Court's recent decision in *Kimbrough v. United*

*States*, 128 S. Ct. 558 (2007), we remand for resentencing because it is unclear from the record whether the district court would have imposed a lesser sentence had it not believed it was constrained by the 100:1 ratio.

Lamont Bush, a 33-year-old Milwaukee native, sold 78 grams of crack to a confidential informant for $3,000. He was charged with distributing more than 50 grams of crack, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 18 U.S.C. § 2, and knowingly possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, *see* 26 U.S.C. §§ 5861(d), 5871. Shortly thereafter the government filed a "§ 851 information," notifying Bush that it intended to rely on his prior conviction for a drug felony to subject him to a mandatory minimum sentence of 20 years' imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A), 851. Bush agreed to plead guilty to the distribution count in exchange for the government dropping the firearms count and agreeing to recommend, in its discretion, a reduction for his substantial assistance to authorities.

The government satisfied its end of the bargain and moved not only for a two-level reduction based on Bush's substantial assistance to authorities, *see* U.S.S.G. § 5K1.1, but also to dismiss the § 851 information that had increased Bush's mandatory minimum to 20 years' imprisonment. The government further moved to release Bush from the normal mandatory minimum sentence of 10 years' imprisonment. The court granted the government's motion in its entirety, which resulted in a sentencing range of 100 to 125 months' imprisonment after taking into account Bush's criminal history category of IV. Bush then insisted that his sentence should be reduced still further, to 63 months, based in part on what he perceived as the unfairness of the 100:1 crack/powder

ratio. Bush relied on a brief written by members of the Senate Judiciary Committee arguing that 18 U.S.C. § 3553(a) empowers a sentencing court to consider the impact that the 100:1 ratio has on African-American defendants, families, and communities, as well as the public's confidence in the criminal justice system. Though the district court acknowledged the controversy surrounding the issue, it emphasized that it was "constrained to follow" the 100:1 ratio as established by Congress. The court ultimately sentenced Bush to 96 months' imprisonment.

After we heard arguments in this case, the Supreme Court announced its decision in *Kimbrough*. We asked the parties to submit supplemental briefs assessing the affect of *Kimbrough* on Bush's appeal. Bush argued that *Kimbrough* required us to vacate and remand for resentencing so that the district court could consider his contentions regarding the 100:1 ratio. The government agreed that Bush should be resentenced because *Kimbrough* was incompatible with the district court's belief that it was "constrained to follow" the 100:1 ratio.

We review sentences for reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). To determine a defendant's sentence, the district court must engage in a two-step process. *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007); *United States v. Jointer*, 457 F.3d 682, 686 (7th Cir. 2006). First it must calculate and consider the sentence recommended by the advisory sentencing guidelines. *United States v. Booker*, 543 U.S. 220, 264 (2005); *Sachsenmaier*, 491 F.3d at 685; *Mykytiuk*, 415 F.3d at 607. Then, to ascertain the actual sentence, it must apply the criteria set forth in § 3553(a) to the facts and circumstances of the defendant's particular case. *Sachsenmaier*, 491 F.3d at 685; *Jointer*, 457 F.3d at 686.

Before *Kimbrough* was decided, our position was that a district court may not reduce the 100:1 ratio when initially calculating the appropriate sentencing range for a crack-related offense. *See Jointer*, 457 F.3d at 686-87; *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006); *United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006). We nevertheless had held that a district court could consider criticism of the 100:1 ratio to the extent the criticism was refracted through the court's application of the § 3553(a) factors to an individual defendant's facts and circumstances. *Jointer*, 457 F.3d at 687-88. But we had held that a district court committed reversible error if it accepted a defendant's invitation to ignore or modify the ratio because it is simply unfair or an unwise policy. *See id.* at 686-88; *Miller*, 450 F.3d at 275-76.

In *Kimbrough*, however, the Supreme Court rejected the argument that Congress had mandated that sentencing courts apply the 100:1 ratio to all crack offenses, 128 S. Ct. at 570-74, and noted that the Sentencing Commission itself disfavors the ratio, *see id.* at 575. The Supreme Court reaffirmed that the district court must continue to calculate and consult the guidelines, but it may sentence a crack offender below the guidelines range in a routine case if it believes the 100:1 ratio alone punishes the defendant in excess of what is justified under the § 3553(a) factors. *See id.* at 571 n.13, 575-76.

In this case, Bush argued that the 100:1 ratio disproportionately affects African-American defendants, families, and their communities, and he mentioned that, in general, § 3553(a) enables the court to consider the ratio when imposing a sentence. Bush did not elaborate how the 100:1 ratio affected his particular circumstances. The district court responded that it could not alter the ratio:

>I appreciate and know full well . . . the matter of disparity between crack and powder cocaine. Fortunately or unfortunately the matter remains unresolved. But for the moment the Court of Appeals in this Circuit has spoken. It is not a basis for the Court to impose a sentence other than what might otherwise be appropriate. . . . For whatever reason, Congress has determined—you can call it stubbornness, or the will of the voters—not to revisit the subject. Whether that will maintain itself for posterity remains to be seen. But for the moment that is the law, and this Court is constrained to follow it.

At the time of sentencing, the district court's conclusion was consistent with our position that the court was prohibited from reducing Bush's sentence solely on the basis of opposition to the 100:1 ratio as a matter of policy. *See Jointer*, 457 F.3d at 686-88; *Miller*, 450 F.3d at 275-76. But as the government concedes, the court's comments suggest that it may have taken "matters into his own hands" and been receptive to Bush's argument that the 100:1 ratio is unjust had it not felt obligated to abide by our pre-*Kimbrough* precedents as well as the will of Congress. *Kimbrough* has since clarified that Congress did not mandate the application of the 100:1 ratio to all crack offenses. 128 S. Ct. at 570-74. The court may reduce a defendant's sentence below the guidelines range in a routine crack related case if it is convinced that the ratio alone unfairly punishes the defendant. *See id.* at 571 n.13, 575-76. Accordingly, we VACATE the judgment of the district court and REMAND for resentencing because it is not constrained to apply the 100:1 ratio to Bush.