NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2008
Decided April 23, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 05-2752, 05-2802

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States |
|     *Plaintiff-Appellant/Cross-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern Division. |
|     *v.* | |
| | No. 00 CR 0894 |
| KRISHNASWAMI SRIRAM, | |
|     *Defendant-Appellee/Cross-* | John W. Darrah, |
|     *Appellant*. | *Judge*. |

### O R D E R

In our opinion reported at 482 F.3d 956 (7th Cir. 2007), we remanded for resentencing after determining that the district court had miscalculated Sriram's guidelines range and that any loss estimate of less than $1.4 million would be clearly erroneous. Before Sriram was resentenced, however, the Supreme Court granted his petition for a writ of certiorari, vacated our decision, and remanded the case to us (128 S. Ct. 1134 (2008)) for reconsideration in light of *Gall v. United States*, 128 S. Ct. 586, (2007). Sriram insists that *Gall* precludes this court from rejecting the district court's loss calculation, while the government argues that our ruling is consistent with *Gall*.

Just a few days before the Supreme Court remanded the case to us, we explained our understanding of *Gall*, stating that the Court had "held that a sentence outside the guidelines range must not be presumed unreasonable by the appellate court, which also may not hogtie sentencing judges with a rigid formula for determining whether the justification for an out-of-range sentence is 'proportional' to the extent of the sentence's deviation from that range." *United States v. McIlrath*, 512 F.3d 421, 426 (2008). We further explained that our decisions prior to *Gall* (and thus the decision vacating the sentence imposed on the defendant in the present case) had been consistent with the standard laid down by the Court in that case.

The defendant's Rule 54 statement makes clear that he is challenging only our reversal of the district judge's loss estimate. That issue is unrelated to the scope of a district judge's sentencing discretion or of appellate review of the exercise of that discretion, the issues in *Gall*. Nothing in that case entitles a judge to calculate the guideline range erroneously, though once he has calculated it correctly he has discretion to sentence above or below it as well as within it. It is the initial step at which the district judge stumbled, and we cannot find anything in the *Gall* decision (nor does the defendant suggest anything) that would allow us to overlook the stumble and affirm the sentence. We therefore reinstate our previous opinion.