NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008[*]
Decided May 21, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 06-3954

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 04-CR-717-1 |
| OLU ADEFUMI, | |
| *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Olu Adefumi pleaded guilty, without a plea agreement, to one count of conspiring to possess and distribute crack cocaine and two counts of distributing crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). He now challenges his sentence of 292 months' imprisonment, arguing that the difference in guideline offense levels for like quantities of crack and powder cocaine resulted in an unreasonable sentence. We vacate Adefumi's sentence and

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

remand for resentencing in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

Adefumi, a member of the Latin Kings street gang, distributed crack cocaine in Chicago beginning in the summer of 2001 and continuing until at least November 2003. In July 2003 Adefumi twice sold crack to a witness cooperating with the FBI; he sold 6.3 grams the first time and 28 grams the second time. Based on the controlled buys together with information provided by confidential sources and cooperating witnesses, the government estimated that Adefumi had distributed over 1.5 kilograms of crack cocaine.

Adefumi entered blind guilty pleas, and a probation officer calculated a total offense level of 38 based on a drug quantity of 1.5 kilograms of crack and a criminal history category of III, *see* U.S.S.G. § 2D1.1(a)(3), (c)(1) (2005), which yielded a guidelines range of 292 to 365 months. Adefumi objected to several of the probation officer's conclusions, but the only objection relevant on appeal related to the drug type and drug quantity for which he was responsible. Specifically, Adefumi argued that he distributed a form of cocaine that did not constitute "cocaine base" and that he was not responsible for distributing more than 100 grams of it. He further asked the court to reduce his sentence based on the unfairness of the 100:1 ratio between crack and powder cocaine. After an evidentiary hearing, the district court found that the government had proven by a preponderance of the evidence that Adefumi had dealt over 1.5 kilograms of crack. The court also denied Adefumi's request to reduce his sentence based on the crack/powder cocaine disparity, stating that circuit precedent prohibited the district court from reducing his sentence solely on that basis. The court sentenced Adefumi to 292 months' imprisonment, the lowest possible guideline sentence.

Adefumi argues that he deserves a remand because the district court believed it was not free to impose a reduced sentence based on a policy disagreement with the crack-to-powder ratio. In *Kimbrough*, the Supreme Court held that sentencing courts are free to take the 100:1 disparity into account, *see id.*, 128 S. Ct. at 575, and nothing in the record in this case indicates whether the district court would have imposed the same sentence had it known it was free to reduce the sentence on the basis of that disparity, *see United States v. White*, 519 F.3d 342, 349 (7th Cir. 2008). We therefore VACATE Adefumi's sentence and REMAND for resentencing in light of *Kimbrough*. *See United States v. Bush*, No. 07-1307, 2008 WL 1745342, at *3 (7th Cir. Apr. 17, 2008).