In the

# United States Court of Appeals
### For the Seventh Circuit

————————

No. 05-3681

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICARDO ROMERO,

*Defendant-Appellant.*

————————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04 CR 164—**Barbara B. Crabb**, *Chief Judge.*

————————

On Remand from the Supreme Court of the United States

————————

SUBMITTED FEBRUARY 29, 2008—DECIDED JUNE 6, 2008

————————

Before FLAUM, KANNE, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* The Supreme Court granted Ricardo Romero's petition for writ of *certiorari,* vacated our judgment, and remanded the case to us for reconsideration in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). Romero was sentenced to 151 months' imprisonment after a jury found him guilty of one count of conspiring to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, one count of possessing five grams or more of co-

caine base with intent to distribute, *see id.* § 841(a)(1), and one count of possessing cocaine with intent to distribute, *see id.* At sentencing, Romero urged the district court to refrain from applying the 100-to-1 crack cocaine to powder cocaine ratio found in § 2D1.1 of the Sentencing Guidelines, which subjects a crack-cocaine drug trafficker "to the same sentence as one dealing in 100 times more powder cocaine." *Kimbrough*, 128 S. Ct. at 564. The district court applied the ratio and sentenced Romero to 151 months' imprisonment.

On appeal, Romero challenged the sufficiency of the evidence at trial, the district court's refusal to allow cross-examination of one witness regarding a prior inconsistent statement, and the district court's application of the 100-to-1 ratio. We affirmed. *See United States v. Romero*, 469 F.3d 1139, 1153 (7th Cir. 2006). The Supreme Court granted Romero's petition for *certiorari* in light of *Kimbrough*, and vacated the judgment. Because *Kimbrough* affects only one of the three arguments Romero raised on appeal, our dispositions of the other issues are reinstated, *id.* at 1151-53, and our affirmance of Raul Romero's sentence remains intact (Ricardo's co-defendant and brother), *id.* at 1148-49. *See Ohse v. Hughes*, 863 F.2d 22, 24 (7th Cir. 1988) ("The Court's decision in *Ohse v. Hughes* is reinstated except for the final section of the Court's opinion which is designated "Miscellaneous." The section designated "Miscellaneous" remains vacated pursuant to the Supreme Court's memorandum decision . . . ." (internal citations omitted)).

When the district court sentenced Romero in September 2005, we had already held that defendants were not "entitled to a deviation from the statutory ratio." *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006) (reciting the

holding of *United States v. Gipson*, 425 F.3d 335 (7th Cir. 2005)). In Romero's appeal, we explained that a " 'district judge is required to abide by the 100:1 crack cocaine to cocaine powder ratio when applying the Sentencing Guidelines to a defendant's conduct.' " *Romero*, 469 F.3d at 1153 (quoting *United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006)). Our stance was rejected in *Kimbrough*, in which the Supreme Court held that the cocaine guidelines are like all other sentencing guidelines and thus "are advisory only." 128 S. Ct. at 564.

Because Romero preserved his challenge to the crack-cocaine ratio, we may simply vacate his sentence and remand to the district court for resentencing. *See United States v. Padilla*, No. 06-4370, slip op. at 12-16 (7th Cir. Mar. 31, 2008); *but cf. United States v. Taylor*, No. 06-4123, slip op. at 4-6 (7th Cir. Mar. 26, 2008) (outlining remand approach applicable in plain error context). The district court must resentence Romero in light of the non-mandatory nature of the 100-to-1 ratio. *See Kimbrough*, 128 S. Ct. at 564. Even though we are vacating the sentence and Romero will be sentenced anew, the district court must apply the guidelines as they existed at the time of his first sentencing, *see* 18 U.S.C. § 3742(g); *United States v. Sriram*, 482 F.3d 956, 961 (7th Cir. 2007), *vacated*, *Sriram v. United States*, 128 S. Ct. 1134, 1134 (2008), *reinstated*, *United States v. Sriram*, Nos. 05-2752 & 05-2802, slip op. at 2 (7th Cir. Apr. 23, 2008). But this time around, the district court will view those guidelines through the lens of *Kimbrough*.

Romero's sentence is VACATED and the case is REMANDED to the district court for resentencing.