NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 16, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3037

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 06 CR 56 |
| ANDRE FISHER, | |
| *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

The Supreme Court has granted Andre Fisher's petition for a writ of certiorari, vacated the judgment, and remanded the case to us for reconsideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). Fisher v. United States, 128 S. Ct. 866 (2008).

Fisher pled guilty to possession with the intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C.§ 841(a)(1). Under the United States Sentencing Guidelines, his sentence was based on relevant conduct amounting to 311 grams of cocaine base. That, plus a criminal history category of V, gave him a base offense level of 34. He received a 2-level increase for possession of a dangerous weapon and a 3-level decrease for acceptance of responsibility, giving him an adjusted offense level of 33 and a guideline range of from 210 to 262 months. His sentence was 210 months. His range would have been significantly lower were it not for the 100:1 ratio, crack to powder cocaine, as called for in the guidelines when he was sentenced.

At sentencing, Fisher urged the district court to deviate from the 100:1 ratio; the court declined. He appealed to this court and, in a nonprecedential decision, we affirmed the sentence, holding that the district court was not free to do as Fisher asked and "to do so would have been reversible error." United States v. Fisher, 2007 WL 1224036 (7th Cir. Apr. 25, 2007). Kimbrough has changed the landscape and the government now concedes that Fisher must be resentenced.

We agree that Fisher's sentence must be reconsidered. In Kimbrough the Court rejected the view that sentencing courts were obligated to apply the 100:1 ratio to all crack offenses. United States v. Bush, ___ F.3d ___, 2008 WL 1745342 (7th Cir. Apr. 17. 2008). But, as we pointed out in United States v. Taylor, ___ F.3d ___, 2008 WL 782739, at *3 (7th Cir. Mar. 26, 2008), there is a "complication." Consistent with the March 3, 2008, "Supplement to the 2007 Guidelines Manual," § 1B1.10(a)(3), defendants may "move for a reduction in their sentence to conform to the Sentencing Commission's decision to reduce retroactively the 100:1 ratio that generates such harsh sentences for crack offenses relative to powder offenses." We wondered aloud whether this provision made resentencing in light of Kimbrough pointless. But for somewhat esoteric reasons we determined that resentencing might not be pointless in any given case:

> The new guideline provides that a sentence under it may not be lower than the new guidelines range, U.S.S.G. § 1B1.10(b)(2)(A) (Mar. 3, 2008), unless the original sentence was a nonguideline sentence, in which event, however, "a further reduction generally would not be appropriate." Id., § 1B1.10(b)(2)(B). Like the rest of the guidelines, this provision may be merely advisory, in which event a sentence lower than the one prescribed by section 1B1.10(b)(2)(A) may be "consistent with applicable policy statements issued by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), the statute granting district courts authority to reopen a sentence that has become final. But the status of section 1B1.10(b)(2)(A) has not been argued to us and we take no position on it. In any event, Kimbrough, following Booker, allows a judge to sentence below the guidelines range.

Taylor, 2008 WL 782739, at *3.

Taylor also sets out the path district courts should take, given the remedies available. But because Taylor involved plain error review, whereas here the issue was preserved, the present case requires one less step. Here, there must either be reconsideration of the sentence in light of Kimbrough or the possibility of relief under the "Commission's new crack regime." As to the latter, the district judge must decide whether to act favorably on the defendant's motion, if he makes one, or on the court's own motion, for relief under the new guidelines. If the judge

"decides to impose the same sentence under the new guideline, or if though she lowers the sentence the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence," Taylor, at ___, or if no relief under the guideline is forthcoming, then the defendant must be resentenced under Kimbrough. We think it sounds more convoluted than it will be in actuality. We hope so, at least. But one way or another, the sentence imposed on Fisher must be reconsidered.

Accordingly, the case is REMANDED to the district court for consideration of a modification of the sentence, pursuant to 18 U.S.C. § 3582(c) and the current sentencing guidelines (if that is the path Fisher chooses), or, alternatively, for resentencing under Kimbrough.