**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2008
Decided August 21, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-2697

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 06 CR 142 |
| TYRONE FUNCHESS, also known as JUNIOR, *Defendant-Appellant*. | Rudy Lozano, *Judge.* |

**O R D E R**

Tyrone Funchess pleaded guilty to distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced to 151 months' imprisonment. In challenging his sentence Funchess essentially argues that the district court refused to give sufficient weight to a proposed amendment that would have lowered his guidelines range. The record establishes, though, that the court gave extensive consideration to Funchess's argument. Accordingly, we affirm the judgment of the district court.

By the time he committed the drug offense at issue here, Funchess already had seven juvenile convictions, ten adult misdemeanor convictions (at least two of them involving violent

conduct), and two state felony convictions, one for aggravated battery and one for criminal recklessness. The battery was committed on August 2, 1992, when Funchess shot Myron Morris in the leg and then, while he was lying on the ground, in the back. An arrest warrant was issued for Funchess on August 5, 1992. That warrant was still outstanding a few weeks later on August 31 when Funchess drove past Morris who was standing in a crowd and tried to shoot him again. The second incident gave rise to the conviction for criminal recklessness. Funchess was sentenced for both crimes on the same day.

During the sentencing proceedings for this drug offense in the summer of 2007, defense counsel acknowledged that the two felony convictions would count separately under the existing guidelines and would thus qualify Funchess as a career offender, *see* U.S.S.G. §§ 4A1.2(a)(2), 4B1.1(a), 4B1.2(a), but counsel argued that proposed Amendment 709 (which took effect last November) would result in the convictions counting as a single offense.[1] The amendment, therefore, would have taken Funchess out of the career-offender category, and reduced his imprisonment range (after a credit for acceptance of responsibility) from between 151 and 188 months to between 110 and 137 months. Funchess asked the district court to apply the proposed amendment, or postpone his sentencing until after it had taken effect, or at least consider the amendment in applying the factors under 18 U.S.C. § 3553(a). (Had the district court chosen to delay sentencing until after Amendment 709 became effective on November 1, 2007, Funchess also would have benefitted from the lower imprisonment ranges for certain crack offenses that took effect that day, *see* U.S.S.G. App. C, Supp. 2007, amend. 706, pp. 226-30, and his imprisonment range would have dropped even further to 92 to 115 months.) The government argued that there was no legal basis for delaying Funchess's sentencing, that Congress might still reject the proposed amendment before it took effect, and that a sentence in the new range would in any event underrepresent Funchess's criminal history. The district court declined to apply Amendment 709 or to postpone sentencing until it took effect. Instead,

---

[1] Amendment 709 revised U.S.S.G. § 4A1.2(a)(2), which controls whether prior convictions are "counted separately" under U.S.S.G. § 4B1.2(c) and, in turn, whether a defendant is a "career offender" under U.S.S.G. § 4B1.1. *See* U.S.S.G. App. C, Supp. 2007, amend. 709, pp. 235-36. Prior to the amendment, § 4A1.2(a)(2) and its commentary provided that prior offenses were to be counted separately unless they "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 cmt. n.3 (2006). The revised language provides that prior sentences are counted separately unless they were charged together in the same document or were sentenced on the same day. U.S.S.G. § 4A1.2(a)(2) (2007). Additionally, both versions state that offenses separated by an "intervening arrest" are always counted separately.

the court stated that it would apply the 2006 guidelines, since Congress might disapprove of the proposed amendment.

The district court concluded that, under the 2006 version of § 4A1.2(a)(2), Funchess was a career offender. The court reasoned that the intervening arrest warrant—though not technically an "intervening arrest"—was still enough to make the two assaults on Morris count separately, and, if it wasn't, then the crimes were still unrelated because they occurred on different days, were not part of the same scheme or plan, and were not consolidated for sentencing even though both sentencings took place on the same day. The court then stated that it had "calculated and looked at the different aspects of the proposals" from Funchess and had concluded that, if Amendment 709 had been applicable, the court "probably would listen to the government's recommendation regarding the underrepresentation of the criminal history in this case." The court stated it had to consider "what would be a deterrent," its "duty toward society," and "getting [Funchess] back to society as an asset." At the same time, the court acknowledged Funchess's extensive criminal history and noted that his crime, dealing crack cocaine, was especially serious. The court concluded that a sentence within the range provided by the 2006 guidelines was fair and reasonable, but added that, in order "to take into account some of the changes, I have come to accept that you should get a sentence at the minimum of those Guidelines." The court then sentenced Funchess to 151 months' imprisonment.

Funchess contends that the district court did not "meaningfully address" his argument that Amendment 709 should have been taken into account in applying the § 3553(a) factors, and thus, he says, his prison sentence is unreasonable. The district court, he explains, "placed undue emphasis on the guideline determination to the erroneous exclusion of the overall purpose of sentencing" under § 3553(a) and, in effect, "presumed" that a prison term within the 2006 guidelines range was the appropriate sentence. Finally, Funchess argues that he is entitled to the benefit of Amendment 709 even now, since it became effective while his direct appeal has been pending.

As a preliminary matter, we must address whether both of Funchess's prior felony convictions would have counted under the new version of § 4A1.2(a)(2). If both would have counted, then Funchess would have been a career offender even under the 2007 guidelines, and this appeal would be frivolous. Both the old and new versions of § 4A1.2(a)(2) provide that prior sentences imposed for distinct offenses count separately if the crimes were separated by an "intervening arrest." U.S.S.G. § 4A1.2(a)(2) (2007); § 4A1.2(a)(2) cmt. n.3 (2006). There was no intervening *arrest* in this case, but there was an intervening *arrest warrant*. The district court reasoned that the issuance of the arrest warrant in the days between Funchess's two assaults on Morris showed that the offenses were separate. But the district court erred on this

point, because we have declined to extend the "intervening arrest" language to the mere issuance of a warrant. *See United States v. Joseph*, 50 F. 3d 401, 403 (7th Cir. 1995). A defendant who has not been deterred by an arrest between crimes is less likely to change his ways later, and so is treated more harshly by the guidelines. *See United States v. Springs*, 17 F.3d 192, 195-96 (7th Cir. 1994). But nothing suggests that Funchess was even aware of the arrest warrant, and so there was no chance for deterrence. Consequently, under the new version of § 4A1.2(a)(2), the two convictions would have counted as a single offense because "the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2) (2007). The government concedes that, had the amended guideline applied, Funchess's 1992 convictions for aggravated battery and criminal recklessness would have been counted together, and thus he would not have been eligible for sentencing as a career offender.

The district court's belief that the arrest warrant was relevant carried over to its application of the 2006 version of § 4A1.2(a)(2), but that mistake was harmless because the court also identified the correct reason for counting the offenses separately. Under Application Note 3 of the prior version of § 4A1.2(a)(2), crimes were considered related if they "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 cmt. n.3 (2006). The district court found that the prior offenses did not occur on the same occasion, were not part of a common scheme or plan, and were not "consolidated" for sentencing even though both crimes were sentenced on the same day. Funchess does not challenge these determinations on appeal, nor could he. *See United States v. Vallejo*, 373 F.3d 855, 858-59 (7th Cir. 2004); *United States v. Brown*, 209 F.3d 1020, 1023-24 (7th Cir. 2000).

Turning to the merits of Funchess's argument, we review sentences for reasonableness in light of the statutory factors provided by 18 U.S.C. § 3553(a). *Gall v. United States,* 128 S.Ct. 586, 597 (2007); *United States v. Padilla*, 520 F.3d 766, 771 (7th Cir. 2008). We presume that a sentence within a correctly calculated guidelines range is reasonable. *Rita v. United States*, 127 S.Ct. 2456, 2462 (2007); *United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007). But that presumption is an appellate presumption only, and it is error for a district court to presume that a guidelines sentence is the appropriate sentence. *See Gall,* 128 S.Ct. at 596-97; *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007). In considering what would be a reasonable sentence, the district court must give "meaningful consideration" to nonfrivolous sentencing arguments. S*ee, e.g., United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Funchess's argument that the district court did not meaningfully consider Amendment 709 is not supported by the record. The court did not go into great detail when it gave its reasons for its sentence, but it did give meaningful consideration to Funchess's arguments, and it did not say anything to suggest that it was presuming a term within the guidelines range to be the

appropriate sentence. The district court twice entertained oral arguments on the relevance of Amendment 709 and even interrupted the sentencing hearing and ordered a two-week continuance so that the parties could brief the question. Only after all of this did the court announce that it would not apply the pending amendment and that, if it had decided otherwise, it probably would conclude that the imprisonment range under the new version of § 4A1.2(a)(2) would underrepresent Funchess's criminal history. Moreover, even then the court gave some weight to Amendment 709 in deciding what sentence would be fair and reasonable, and selected a term at the bottom of the range "to take into account some of the changes" in the guidelines. Funchess, of course, would have liked the district court to give Amendment 709 more weight; indeed, what he's really arguing is that any sentence imposed without giving it full effect would have been unreasonable. But district courts have wide latitude in assigning the relative weight of factors considered under § 3553(a), and nothing in the record suggests that the district court stepped outside its bounds. *See United States v. Johnson*, 471 F.3d 764, 766 (7th Cir. 2006). And though it is always possible to say more, a sentencing court is not required to give as much explanation when it sentences within the guidelines as when it sentences outside them. *See United States v. Wachowiak,* 496 F.3d 744, 748 (7th Cir. 2007); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

The Sentencing Commission's reason for adopting Amendment 709 supports the district court's exercise of discretion. Funchess has not shown the change to § 4A1.2(a)(2) was motivated by a concern that too few prior convictions were being counted as "related." Rather, the Commission stated that the related-case rules were "too complex and lead to confusion," and that the old version of the guideline was generating a significant amount of litigation and even circuit splits. *See* U.S.S.G. App. C, Supp. 2007, amend. 709, p.238. If the district court had sentenced Funchess under a guideline that the Commission was replacing for a reason other than administrative convenience, maybe the district court's reasoning would not be enough. But the court merely sentenced Funchess—who shot a man and then in the same month tried to shoot him again—without giving him the benefit of a change made for judicial convenience. In that context, the district court adequately justified its sentence within the guidelines in effect at the time of sentencing.

Finally, Funchess argues that he should be resentenced using § 4A.1.2(a)(2) because Amendment 709 became effective while his case has been on direct appeal. He reasons that appellate courts apply the law in effect at the time of direct appeal, and that *United States v. Booker*, 543 U.S. 220 (2005), did away with limits on the retroactivity of the guidelines. This argument is frivolous. The guidelines in effect at the time of sentencing are to be applied. U.S.S.G. § 1B1.11(a); *see also United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). Furthermore, 18 U.S.C. § 3742(g)(1) provides that if we were to remand the case, the guidelines

in effect at the time of the original sentencing would still  apply.  *United States v. Romero*, 528 F.3d 980, 981 (7th Cir. 2008); *United States v. Sriram*, 482 F.3d 956, 961 (7th Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.