NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 9, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 07-3636 & 07-3752

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 07-CR-33-S |
| LORENZO TAYLOR and JEROME G. HUGHES, | |
| *Defendants-Appellants.* | John C. Shabaz, *Judge*. |

**O R D E R**

Lorenzo Taylor pleaded guilty to conspiring to distribute crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). Jerome Hughes, his codefendant, pleaded guilty to distributing crack. *See id.* § 841(a)(1). Taylor was sentenced to 204 months' imprisonment, and Hughes, to life.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

Taylor sold crack for Hughes and distributed between 150 and 500 grams. At sentencing, months before the Supreme Court decided *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the district court calculated a total offense level of 31 and a criminal history category of VI, yielding an advisory imprisonment range of 188 to 235 months. Taylor requested a below-range sentence on the ground that the 100:1 crack-to-powder ration then incorporated into U.S.S.G. § 2D1.1 was unwarranted, and he specifically noted that the Supreme Court would soon hear oral argument in *Kimbrough.* The district court responded that the guidelines ratio was "constitutional" and so there was "no reason not to follow the law." Taylor's argument preserved the *Kimbrough* claim, and since the district court did not recognize its discretion to disregard the crack-to-powder ratio in the guidelines, Taylor must be resentenced. *See United States v. Clanton*, 538 F.3d 652, 659 (7th Cir. 2008); *United States v. Romero*, 528 F.3d 980, 981 (7th Cir. 2008); *United States v. Bush*, 523 F.3d 727, 730 (7th Cir. 2008). On remand the district court will be free to entertain, in addition to Taylor's *Kimbrough* argument, any other basis for a below-range sentence.

Hughes, with 35 criminal history points, qualified as a career offender under the guidelines. For a career offender the sentencing court makes two independent calculations. *See Clanton*, 538 F.3d at 660. First, the court must determine the offense level under U.S.S.G. § 4B1.1, the career-offender guideline. Hughes already had a prior felony drug conviction and faced a maximum sentence of life, *see* 21 U.S.C. § 841(b)(1)(B)(viii), and thus the parties agree that his offense level as a career offender was 37. *See* U.S.S.G. § 4B1.1(b)(A); *United States v. Harris*, 536 F.3d 798, 806 (7th Cir. 2008). Second, the sentencing court must calculate the offense level using Chapters Two and Three. *See Clanton*, 538 F.3d at 660. Hughes distributed between 1.5 and 4.5 kilograms of crack, which, under the pertinent Chapter Two offense guideline, triggered a base offense level of 36. *See* U.S.S.G. § 2D1.1(c)(2) (2007). To this the court should have added six levels, for a total offense level of 42, after assessing a two-level upward adjustment for obstruction of justice, *see id*. § 3C1.1, and a four-level increase for leading or organizing the criminal activity, *see id*. § 3B1.1(a). The district court, after declining to give Hughes a discount for acceptance of responsibility, *see id*. § 3E1.1, should have taken the higher of these offense levels – 42 – and applied it to Hughes's Category VI criminal history for a guideline imprisonment range of 360 months to life. *See id*. § 4B1.1(b), *Clanton*, 538 F.3d at 660. The district court, though, apparently conflated these separate inquires and, without comment from the prosecutor, the probation officer, or defense counsel, misapplied the six-level increase for obstruction and leadership to the career-offender offense level. *See United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir. 1998). That total of 43 yielded a guidelines imprisonment range of life, and citing Hughes's lengthy criminal history, his prior acts of violence, and the need to protect the community, the court imposed a life sentence. The court recognized its error, however, and before entering the written judgment the court issued a Statement of Reasons observing that it

would have imposed the same sentence of life had it correctly calculated the range at 360 months to life.

On appeal Hughes requests a remand for resentencing based on the district court's mistaken calculation of his guidelines range. The government concedes that the mistake was obvious, and though the district court observed that Hughes had accumulated more criminal history points than anyone else the court had sentenced, the government acknowledges that the court's attempt to remedy its error was inadequate even under a plain-error standard. *See United States v. Garrett*, 528 F.3d 525, 529-530 (7th Cir. 2008); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 847-49 (7th Cir. 2005). The government thus concedes that a remand is appropriate, and we accept the concession. *See, e.g., United States v. Smith*, 332 F.3d 455, 460 (7th Cir. 2003).

We therefore VACATE Taylor's and Hughes's sentences and REMAND for resentencing.