NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2008
Decided January 5, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1802

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-135-S-01 |
| KYLIN LITTLE, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Kylin Little pleaded guilty to distributing crack, 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced him to 95 months' imprisonment, which was within the guidelines range. Little appeals his sentence, arguing that the Sentencing Guidelines that went into effect in November 2007 create unwarranted sentencing disparities among defendants convicted of crack offenses because

the equivalency ratios between crack and cocaine powder vary for different offense levels. We affirm Little's sentence.

After Little entered his guilty plea, the probation officer determined that Little was responsible for distributing 10.31 grams of crack, resulting in a base offense level of 24. The presentence investigation report recommended a two-level increase in Little's offense level to account for the firearms conviction, and a three-level decrease for acceptance of responsibility. His total offense level of 23 combined with his criminal history category of V resulted in a recommended guidelines range of 84 to 105 months' imprisonment.

Before the sentencing hearing, Little submitted a Sentencing Memorandum and Motion for Downward Variance in which he argued for a below-guidelines sentence. Little contended that the 2007 guidelines created unfair variations in the powder-to-crack cocaine sentencing ratio. Little submitted a chart comparing the amounts of powder and crack cocaine that would put a defendant within each offense level. He determined that, among the different offense levels, there was a wide range in the relative amounts of powder and crack cocaine that would warrant the same guidelines sentence. For instance, according to offense level 26, a defendant would receive the same guidelines range for possessing 500 grams of powder cocaine as a second defendant responsible for only 20 grams of crack (a 25:1 ratio). But according to offense level 24 (which applied to the amount of crack that Little possessed), a defendant would receive the same guideline range for having 400 grams of powder cocaine as another defendant responsible for just 5 grams of crack (an 80:1 ratio).

Little concluded that the variance among these ratios caused "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Little requested that the court use a 25:1 ratio (the lowest among all the offense levels) in his case. Applying that ratio, he reasoned that 10.31 grams of crack was equivalent to 257.75 grams of powder cocaine (10.31 × 25), producing an offense level of 20. *See* U.S.S.G. § 2D1.1. Adjusting for the firearm offense, acceptance of responsibility, and his criminal history score, Little urged the district court to calculate a guidelines range of 57 to 71 months. Little then asked the court to take into account the 18 U.S.C § 3553(a) factors and impose a sentence of 51 to 63 months.

At the March 2008 sentencing hearing, the district court accepted the PSR's guidelines calculations and sentenced Little to a 95-month prison term, in the middle of the guidelines range. In determining the sentence, the court said that it was "discouraged" by Little's history of violence against women and noted that he did not "show any sign of really being about to change." The court explained that it had taken into account the § 3553(a) factors and concluded that a sentence in the middle of the guidelines range "is sufficient and necessary to hold you accountable for your criminal conduct, to protect the community, and afford you opportunities for correctional treatment." Finally, the court explained that Little was not entitled to a lower sentence based on the differences among the powder-to-crack sentencing ratios in the guidelines. The court elaborated that "I do not

believe there is a basis for a variance in this instance. I realize [defense counsel] has pointed out that there is a huge variance at some levels of the chart, but it is not—that same great discrepancy does not carry all the way through the chart, and I think in this case, Mr. Little has already gotten the benefit of the lowered guideline and I'm not persuaded that a variance would be appropriate in his case."

Little challenges his sentence, contending that the crack sentencing guidelines create unwarranted sentencing disparities among crack offenders, and that the district court did not adequately explain its reason for rejecting this argument. He does not, however, argue that the varying equivalency ratios are unconstitutional. *Cf. Mistretta v. United States*, 488 U.S. 361, 412 (1989); *United States v. Westbrook*, 125 F.3d 996, 1010, 1010 n.16 (7th Cir. 1997) (collecting cases). And although he criticizes how the Sentencing Commission arrived at those equivalency ratios, he does not claim that the Commission violated its authority in enacting them. *Cf. United States v. Ebbole*, 917 F.2d 1495, 1501 (7th Cir. 1990). Instead he presses his view that, because the powder-to-crack cocaine ratios are not the same throughout the 2007 guidelines, that variation creates an "unwarranted sentencing disparity" among drug offenders and reflects an "unsound judgment" of the Sentencing Commission. Little characterizes this argument as a challenge to the reasonableness of his sentence. Therefore, he concludes, to avoid unwarranted sentencing disparities (as 18 U.S.C. § 3553(a) requires), the court needed to use a 25:1 equivalency ratio. This interpretation of § 3553(a) is a question of law, which we review *de novo*. *See United States v. Hollins*, 498 F.3d 622, 629 (7th Cir. 2007).

One of the goals of the guidelines is to avoid "the wide disparity on sentences imposed by different federal courts for similar criminal conduct by similar offenders." U.S.S.G. § 1A1.1 Pt.A(3); *see also United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007). But the object of sentencing is not to eliminate all disparities, just those that are unwarranted. *See United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). The Sentencing Commission enacted the new guidelines out of concern that earlier versions of the guidelines, which adopted an across-the-board 100:1 powder-to-crack cocaine ratio, punished crack offenses too harshly and produced unwarranted sentencing disparities. *See Amendments to the Sentencing Guidelines for the United States Courts*, 72 Fed. Reg. 28573 (2007); *see also Kimbrough v. United States*, 128 S. Ct. 558, 569 (2007). Accordingly, these new guidelines uniformly reduced by two levels the base offense levels for all crack offenses and, consequently, altered the equivalency ratios at different offense levels. *See Amendments to the Sentencing Guidelines for the United States Courts*, 72 Fed. Reg. 28573 (2007); *see also Kimbrough*, 128 S. Ct. at 569. The Supreme Court has recognized that the 2007 guidelines reduce unwarranted sentencing disparities, even while incorporating different powder-to-crack cocaine ratios at different offense levels. *Kimbrough*, 128 S. Ct. at 573 (observing that the guidelines "now advance a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1").

The different equivalency ratios in the guidelines do not violate § 3553(a)(6) because that section requires avoidance only of unwarranted disparities in *sentences*, not *ratios* in the guidelines. The best way to avoid unwarranted sentencing disparities among similar crack-possessing defendants is for district courts to impose sentences within the guidelines range because "[s]entencing disparities are at their ebb when the Guidelines are followed." *Boscarino*, 437 F.3d at 638; *see also United States v. Babul*, 476 F.3d 498, 501-02 (7th Cir. 2007) (observing that the guidelines "are designed to ensure like treatment of like situations, and thus to avoid unjustified disparities"); *Duncan*, 479 F.3d at 929 (observing that differences in sentences that result from properly calculated guidelines ranges are not unwarranted disparities).

At most, Little has a policy disagreement with the Commission's judgment about how best to mitigate the harshness of the prior guidelines that used an across-the-board 100:1 equivalency. But that policy decision is the Commission's prerogative. "Entrusted within its sphere to make policy judgments, the [Sentencing] Commission may abandon its old methods in favor of what it has deemed a more desirable approach.'" *Kimbrough*, 128 S. Ct. at 572 (quoting *Neal v. United States*, 516 U.S. 284, 295 (1996) (some internal quotation marks omitted). Although the district could have rejected the Commission's judgment, it was not obliged to do so. *See id*. at 575 (holding that a district court has the discretion to sentence below the guidelines range out of disagreement with the equivalency ratio); *United States v. Bush*, 523 F.3d 727, 730 (7th Cir. 2008) (observing that district court *must* calculate the correct guidelines range, but *may* impose a sentence below the range if the equivalency ratio leads to sentence that is too harsh).

The only relevant question, then, is whether Little's sentence was reasonable. *See United States v. Campos*, 541 F.3d 735, 750 (7th Cir. 2008). And it was. He received a within-guidelines sentence, which we presume to be reasonable, *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Little has not rebutted this presumption because he has not shown that the sentence is unreasonable in light of 18 U.S.C. § 3553(a)(6), the only sentencing factor he raises. *See United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). Deviation from the guidelines may occur when a guidelines sentence would create an unwarranted sentencing disparity with other *similar* offenders (i.e., those responsible for similar quantities of crack), *see* 18 U.S.C. § 3553(a)(6). But Little does not point to any evidence that any other defendant actually received a different sentence for similar conduct involving about ten grams of crack. Little faults the district court for failing to say how its sentence avoids unwarranted sentencing disparities, but it did not need to because Little provided it with no evidence of any disparity among defendants responsible for similar quantities of crack. *Compare Campos*, 541 F.3d at 751.

AFFIRMED.