**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 29, 2009
Decided February 12, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3815

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Western District of Wisconsin. |
| *v.* | |
| | No. 06 CR 56 |
| ANDRE FISHER, | |
| *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**ORDER**

Andre Fisher entered a guilty plea to a charge of possession with the intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 210 months in prison.  In his appeal from the sentence, we recognized that his sentencing range would have been significantly lower were it not for the 100:1 ratio, crack to powder cocaine, as called for in the version of United States Sentencing Guidelines, in effect when Fisher's sentence was imposed, in the days before Kimbrough v. United States, 128 S. Ct. 558 (2007).  We remanded the case for

consideration of a modification of the sentence or, alternatively, for resentencing under Kimbrough. United States v. Fisher, C.A. 06-3037 (7th Cir. 2008). Prior to our decision, Fisher filed a pro se motion in the district court for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c). He requested that the court reduce his sentence to 120 months in prison. Fisher's sentence was reduced to a term of 150 months, and he once again appeals.

His appointed counsel moved to withdraw because he could not identify any nonfrivolous argument to pursue. See Anders v. California, 386 U.S. 738, 744 (1967). Fisher responded to the request to withdraw, see Cir. R. 51(b). We agree with counsel that there are no nonfrivolous issues, but we comment on one matter raised in Fisher's response. See United States v. Schuh, 289 F.3d 968 (7th Cir. 2002).

The issue Fisher raises grows out of one statement--one among the many--made by the district judge. She said,

> I am concerned that although you have a substance abuse problem, you still have not volunteered for the 500-hour residential drug abuse program offered by the Bureau, and I hope that you do that.

Fisher points out, correctly according to Bureau of Prisons Policy Statement 5330.10, paragraph 5.4.1 (4), that "[o]rdinarily, the inmate must be within thirty-six months of release" to be eligible for the program. Under his original sentence, Fisher says that his projected release date was in 2021, making him not yet eligible for the 500-hour residential program.

At a hearing on the motion to reduce the sentence, the judge applied the retroactive crack amendment which lowered Fisher's base offense level from 34 to 32 under U.S.S.G. § 2D1.1(c)(4) for conduct involving 150 to 500 grams of crack cocaine. Then the court applied a 3-level reduction for acceptance of responsibility and a 2-level increase for possession of a dangerous weapon. Fisher's offense level then was 31. He was placed in criminal history category V. There were no objections to these calculations in the district court, nor is there here. The properly calculated guidelines range is 168 to 210 months. The only question, then, is whether the sentence imposed was reasonable.

The sentence was below the guideline range and, at the original sentencing at least, the question as to how much of a variance from the guideline range is appropriate is a matter on which we give deference to the district judge and her evaluation of the factors under 18 U.S.C. § 3553.  Gall v. United States, 128 S. Ct. 586 (2007); United States v. Carter, 538 F.3d 784 (7th Cir. 2008).  When the sentence is imposed pursuant to § 3582, however, we have recently determined that the court's discretion is cabined and, under most circumstances, § 3582 does not allow a district judge to impose a sentence below the new guideline range.  See United States v. Cunningham, ___ F.3d ___, ___ WL ___ (7th Cir. 2009).  Fisher's new sentence is below the guideline range.  However, there was no objection from the government to the sentence imposed, and therefore we GRANT counsel's motion to withdraw and DISMISS this appeal.