NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

May 11, 2009

Before

JOHN L. COFFEY, Circuit Judge

DANIEL A. MANION, Circuit Judge

ANN CLAIRE WILLIAMS, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff-Appellee,<br><br>No. 03-2915　　　　　　　　v.<br><br>GREGORY DAVIS,<br>　　　Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Eastern Division.<br>]<br>] No. 01 CR 1<br>]<br>] Charles R. Norgle,<br>]　　　Judge. |

　　　The Supreme Court has granted Gregory Davis's petition for a writ of certiorari, vacated the judgment, and remanded the case to us for reconsideration in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007). *Davis v. United States*, No. 06-9210, 128 S. Ct. 857 (2008) (mem.).

　　　Davis pleaded guilty to possession with the intent to distribute approximately 250 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Although he was sentenced as a career offender, that Guideline did not determine his offense level. If sentenced as a career offender, after a reduction for acceptance of responsibility, the offense level would have been 29. Instead, Davis's offense level was 32 based on the district court's findings that Davis possessed between 50 and 150 grams of crack cocaine and that Davis was a manager

or supervisor, with a guideline range of 210 to 240 months.  He was sentenced to 210 months' imprisonment.  Had his applicable offense level been based on the same amount of powder, rather than crack, cocaine, the applicable offense level would have been lower than the career offender offense level, and the career offender offense level of 29 would have applied.  U.S.S.G. § 4B1.1.   The resulting sentencing range therefore would have been significantly lower were it not for the 100-to-1 crack to powder cocaine ratio as called for in the guidelines when Davis was sentenced.

Davis made the crack/powder disparity argument in the district court.  On appeal, we agreed that the district judge was required to abide by the 100-to-1 ratio when applying the Sentencing Guidelines to a defendant's conduct.  *United States v. Hankton*, 463 F.3d 626, 629-30 (7th Cir. 2006).  *Kimbrough* has changed the landscape and the government now concedes that Davis must be resentenced.

We agree that Davis's sentence must be reconsidered.  In *Kimbrough* the Court rejected the view that sentencing courts were obligated to apply the 100:1 ratio to all crack offenses.  *United States v. Bush*, 523 F.3d 727 (7th Cir. 2008).  The Supreme Court also reaffirmed that the district court must calculate and consult the advisory guideline range and then address the relevant § 3553(a) factors.  *Kimbrough*, 128 S. Ct. at 575.

Accordingly, we **VACATE** Davis's sentence and **REMAND** the case to the district court for resentencing in light of *Kimbrough*.