NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 15, 2010
Decided May 7, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 09-3522 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of |
| *Plaintiff-Appellee* | Illinois, Eastern Division. |
| | |
| *v.* | |
| | No. 01 CR 00001-2 |
| GREGORY DAVIS, | |
| *Defendant-Appellant*. | Charles R. Norgle, Sr., |
| | *Judge*. |

**O R D E R**

On May 11, 2009, we vacated Gregory Davis's 210-month sentence and remanded the case to the district court for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). *United States v. Davis*, No. 03-2915 (7th Cir. May 11, 2009). On remand, the sentencing judge ruled that Davis's guideline range would remain at 210-262 months (the range prescribed by the 2002 guidelines in effect at the time of his initial sentencing) pursuant to 18 U.S.C. § 3742(g)(1), and imposed a 200-month sentence. Davis appeals.

Davis first argues that the application of 18 U.S.C. § 3742(g)(1) to crack cocaine offenders who were sentenced prior to the amendment of the guidelines violates the Eighth Amendment's ban on cruel and unusual punishment. This argument fails. A sentence

imposed for a non-capital felony conviction that falls "within the legislatively prescribed limits will not be considered disproportionate unless the sentencing court abused its discretion." *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992). Davis's sentence fell within legislatively prescribed limits — § 3742(g)(1) provides that in conducting a resentencing hearing, district courts "must apply the guidelines as they existed at the time of [the defendant's] first sentencing." *United States v. Romero*, 528 F.3d 980, 981 (7th Cir. 2008). Section 3742(g)(1)'s charge to apply the guidelines in effect on the date of the previous sentencing support the district court's sentence and militate against Davis's Eighth Amendment claim.

Davis challenges the reasonableness of his sentence on similar grounds, arguing that it was improper for the district court to use the 2002 guideline range given that the guidelines have been subsequently amended by the Sentencing Commission. This was also Davis's primary argument to the district court at his resentencing — Davis contended that the Sentencing Commission expressed a policy judgment in 2007 that the crack/cocaine powder disparity should be lessened, and that the district court should have taken that into account in reaching a sentence.

We cannot tell from the district court's explanation for the sentence whether the court actually considered Davis's argument. While Davis's sentence was 10 months below the 2002 advisory guidelines range and is thus presumed reasonable, *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009), the district judge did not provide a sufficient explanation to allow us to meaningfully review the sentence. Remand for resentencing is therefore warranted. *See United States v. Harris*, 567 F.3d 846, 854-55 (7th Cir. 2009) (insufficient explanation for sentencing decision precluded affirmance); *United States v. Miranda*, 505 F.3d 785, 795-96 (7th Cir. 2007) (same); *United States v. Cunningham*, 429 F.3d 673, 679-80 (7th Cir. 2005) (same).

The district court imposed Davis's sentence without providing a meaningful explanation as to why that sentence was being given. The district court stated:

> I have . . . determined the guideline range to be 210 to 262 months. The original sentence imposed by the Court was 210 months. The matter is before the Court for reconsideration. I have heard what the defendant has had to say and what the witnesses have said and the arguments of counsel. The guidelines are not mandatory. They do serve as guides. So in looking at the entire matter, all of the information before the court today, the sentence imposed by the Court is 200 months — not 210 months — but 200 months which the Court

finds to be a fair and appropriate sentence given the totality of the information before the Court.

This explanation gives no indication how, if at all, the court exercised its discretion in considering Davis's argument regarding the 2007 crack/powder disparity guideline amendments. While a district court need not discuss every single § 3553(a) factor or address every single argument from a defendant, it does have to provide reasons for its sentencing decision and address the defendant's principal arguments that merit discussion. *Cunningham*, 429 F.3d at 679. Davis's argument was not one that was "so clearly without merit that it could be passed over without comment." *Harris*, 567 F.3d at 854; *see United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) ("[W]hen the Sentencing Commission changes a guideline, it does so for a reason; and since it is a body expert in criminal punishments, its reason is entitled to the serious consideration of the sentencing judge.").

Instead of directly addressing Davis's argument, the district court noted that the guidelines were advisory, recited the generic language of the § 3553(a) factors, and then announced a 200-month sentence based on "the totality of the information before the Court." As we stated in *Cunningham*, "a rote statement that the judge considered all relevant factors will not always suffice." 429 F.3d at 679. And we have vacated and remanded other cases with similarly conclusory sentencing explanations, finding that they precluded meaningful appellate review. *See, e.g., United States v. Villegas-Miranda*, 579 F.3d 798, 802 (7th Cir. 2009) ("Although the district court listened at length to [defendant's argument], we cannot take on faith that it adequately considered the argument where it passed it over in silence.") (internal quotes omitted); *Miranda*, 505 F.3d at 796 ("We cannot tell from the district court's comments whether the court made that individualized analysis of Miranda's facutal and legally supported sentencing arguments.").

Also complicating matters is the fact the court stated that it considered *United States v. Welton*, 583 F.3d 494 (7th Cir. 2009), which has been overruled by our holding in *United States v. Corner*. 598 F.3d 411, 416 (7th Cir. 2010) (en banc). Because the district court did not explain how the cases it cited were influencing its decision, we cannot know from this record whether *Welton* played a role in its reasoning. The possibility that *Welton* may have influenced the court also militates in favor of remand.

We express no opinion as to the length of the sentence given to Davis; our concern is solely with the fact that the explanation given for the sentence precludes meaningful appellate review. It may well be the case that the district court disagreed with the crack/powder disparity reflected in the 2002 guidelines, but agreed with the government's argument that other aggravating factors, such as Davis's criminal history, warranted a 200-

month sentence.  But there is no way to tell that from the record.  Here, like in *Cunningham*, "[t]he inadequate explanation for the sentence precludes our affirmance."  429 F.3d at 680.

Davis's sentence is VACATED and the case is REMANDED for resentencing.